[L. A. No. 8222.  In Bank.—June 22, 1925.]

In the Matter of the Estate of A. J. SPITZER, Deceased.

[1] WILLS—CONSTRUCTION IN FAVOR OF TESTACY—INTENT OF MAKER—SURROUNDING CIRCUMSTANCES.—While courts will not make a will for a decedent who has failed to do so himself, the law favors testacy rather than intestacy, and will give such construction to instruments bearing the character of wills as is necessary to carry out testamentary intent; and they will also examine the facts and circumstances surrounding its execution, to the end that the intent of the maker of paper may be discovered.

[2] ID.—PRIOR STATEMENTS TO BROTHER—INTENT OF DECEDENT—CONCURRENT THOUGHTS.—In a proceeding to secure the admission to probate of a paper, in form a letter addressed to decedent's brother, offered as a will, and which is wholly in the handwriting of the decedent and dated and signed by him, the testimony of said brother, who was an attorney, residing and engaged in practice in another state, and who visited decedent about a year prior to the death and prior to the writing of such letter, tending to show a plan or design and the prior intention of decedent to make a will, may be received, not as tending to supply the essential elements of a will which but faintly appear from such letter, but to show that the subject was in the mind of decedent at the time of the execution of the paper offered as a will.

[3] ID.—DECLARATION TO NEIGHBOR—EVIDENCE.—In such proceeding, a declaration by the decedent to one of his neighbors, made within a few days after the paper offered as a will was written, in response to an inquiry by said neighbor if decedent had made his will, that "everything is all fixed. I have written a letter to my brother and my wife will be taken care of and I want my daughter to be taken care of," is admissible, where it is shown to relate to the identical paper sought to be established as the will of the decedent.

———————

2. Sufficiency of showing that a paper offered as a holographic will was intended as such, note, 33 L. R. A. (N. S.) 1018.

[4] ID.—TESTAMENTARY INTENTION—ABSENCE OF FIXED RULE.—There is no definite, fixed rule by which testamentary intention may be gauged, but each case must stand upon its own peculiar facts.

[5] ID.—LETTER TO BROTHER—TESTAMENTARY CHARACTER—SURROUNDING CIRCUMSTANCES.—A writing, in form a letter addressed to decedent's brother residing in another state, and which is wholly in the handwriting of the decedent and dated and signed by him, in which decedent stated that, as he was "not able to sit up very long" but was "better than last week" he would write a few lines and send a deed to his daughter by a former marriage and her husband of property in such other state, and also stated that he had deeded to his wife the home place in this state before he was sick, that his wife had his insurance and that he owed her a note in a specified amount, and that the value of said home place and the insurance was more than one-half what they had made since they were married, and in which decedent further stated, "Bal of estate to go to" his daughter. "I guess that is California law as to her amt. You can fix things if anything happens. All papers here are in" a designated bank, makes a complete disposition of the estate of decedent, to take effect after death, and it is of such testamentary character as to entitle it to admission to probate as the last will of decedent, where it was executed under circumstances showing a plan or design or intention of decedent to make a will.

---

(1) 40 Cyc., p. 1392, n. 11, p. 1396, n. 37, p. 1409, n. 4.   (2) 40 Cyc., p. 1287, n. 39.   (3) 40 Cyc., p. 1287, n. 39.   (4) 40 Cyc., p. 1077, n. 73.   (5)   40 Cyc., p. 1092, n. 12, p. 1093, n. 17, p. 1094, n. 23, p. 1287, n. 39, p. 1314, n. 21, p. 1359, n. 77 New.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John Perry Wood, Judge.  Reversed.

The facts are stated in the opinion of the court.

Edward R. Milliken for Appellants.

Merriam, Rinehart & Merriam for Respondent.

SEAWELL, J.—This appeal is from a judgment rejecting the probate of a paper, in form a letter, alleged to be testamentary in character, as the last will and testament of the decedent, A. J. Spitzer; also from an order denying

---

5.  What is an olographic or holographic will, notes, 52 Am. Dec. 591; 104 Am. St. Rep. 22.  See, also, 28 R. C. L. 161.

letters testamentary to the decedent's brother, Sherman C. Spitzer, thereunder, and from an order appointing Sarah W. Spitzer the administratrix of the estate. The appellants are said Sherman C. Spitzer and Lulu M. Plane, a daughter of the decedent by a former marriage. Respondent, Sarah W. Spitzer, is his widow.

Upon the death of the decedent, his widow petitioned the court for letters of administration, claiming that the former had died intestate. An amended petition was thereafter filed. A contest and opposition to the probate of the will was interposed by the wife, alleging three distinct and separate grounds of contest, to wit: That the will was not executed as a last will and testament; was not testamentary in character; that Sherman C. Spitzer, the proponent, is not an interested party in the estate since he is not named in the will as devisee, legatee, or heir at law and that he is a nonresident of California; third, that the said Sherman C. Spitzer failed to file the will within the time allowed by law. The answer specially and generally traverses the allegations of contest and opposition.

At the hearing the court rejected the probate of the will on the preliminary hearing, holding that the proponent had not made out a *prima facie* case inasmuch as the paper failed to show upon its face that it was intended to be testamentary in character. This was the sole issue presented and passed upon by the court. The paper in question reads as follows:

"Pasadena Cal—Aug 4 23

"Dear Bro Sherman

"As I am not able to sit up very long but am better than last week will write you a few lines and send you this Deed of Lewis and Lulu also to say that I deeded Sarah W. S. this homeplace 1661 N Raymond before I was sick worth 7000.00 and as she has my Insurance of 3000.00 also I owe her a note of 4000.00 borrowed and as the Bal is in

7000

Abingdon and Pasadena the above amount   3000   is more

10000.00

than ½ have made since we were married. Bal of estate to go to Lulu M Plane. I guess that is California law as

to her amt.   You can fix things if anything happens   All papers here are in State Bank of Pasadena.

"Yours truly
"A. J. SPITZER."

The facts and circumstances which bore upon the mind of the decedent at the time the letter offered as a will was written and which show his relations to the parties before the court may be thus briefly stated:

Sixteen years prior to his death decedent and the respondent widow intermarried.   Shortly after their marriage they removed to Abingdon, Illinois, where they resided for about five years, at the end of which period they returned to California and resided at Pasadena until the death of decedent, which occurred September 25, 1923.   He was past seventy years of age.   He left property, real and personal, both in Abingdon, Illinois, and in California.   It would seem that the estate consists of separate property owned by decedent and also property of the community.   The record indicates that the estate is of the value of about $35,000.   Appellant, Sherman C. Spitzer, who claims to be entitled to letters testamentary, was a lawyer residing in Chicago, Illinois.   He never resided in California.   He visited his brother at Pasadena about a year before the latter died, at which time several conversations were had with reference to decedent disposing of his property by will.   He informed his brother that he had in contemplation the making of his will by which he was to provide for his wife and his daughter and that he wanted to so arrange his affairs that each should be taken care of.   During the conversation the decedent spoke generally of his property in Illinois and in California and requested appellant to draw his will, but the latter replied that he was not sufficiently familiar with the community property law of California to undertake the task.   He did, however, advise with an officer of a trust company in Los Angeles as to the community property rule in California and subsequently, upon the advice thus received, informed decedent that in the absence of a will the wife would take one-half of the community property.   Under the law as it stood on that day the advice was sound.   Decedent further informed the appellant that he wanted his wife to have the home, valued at $7,000, and also the proceeds of a certain insurance policy on his life in the sum of $3,000, and it

was his further desire that the balance of his estate should go to his daughter, Lulu M. Plane, whose husband was Lewis C. Plane, to whom reference is made in the paper offered for probate. Decedent stated to appellant Spitzer that his wife had considerable property in her own right.

Witness Jenson testified that he had been a close neighbor of the decedent and had known him more than a year prior to his demise. He had performed service for him and frequently visited him at his home. In conversations with Jenson decedent told him that he had been ill for several years and that he did not expect to recover from the illness from which he was suffering. Not less than five days nor more than nine days from the day on which the paper offered for probate was written Jenson called on decedent to bid him goodby as he was about to leave on a visit to an eastern state. In the course of the conversation decedent said that he didn't suppose he would ever see him, Jenson, again. Jenson asked him if he had made his will. It was admitted by counsel and assumed by the court that the reply of the decedent would have been as follows: "Yes, everything is all fixed. I have written a letter to my brother and my wife will be taken care of and I want my daughter to be taken care of." An objection was sustained to the introduction of this testimony on the ground that it was incompetent. The relevancy of this testimony and the correctness of the court's ruling will be hereafter considered.

The letter offered as a will is wholly in the handwriting of the decedent, dated and signed by him. It was received by the appellant on August 8, 1923, and placed by him in a chiffonier drawer, where it remained for some time. Appellant's testimony in explanation of his delay in forwarding the letter to the probate court of Los Angeles County is, in effect, that he was not aware that holographic wills were valid in California, and that he erroneously assumed that the California law was the same as the Illinois law, which, as he understood it, did not recognize a paper as a will unless it had been formally witnessed and attested as such. He afterward discovered his mistake and forwarded the paper, which was denied probate, to Pasadena to be filed as of record in the estate matter.

[1] While it is true that courts will not make a will for a decedent who has failed to do so for himself, it is also

196 Cal.—20

true that the law favors testacy rather than intestacy, and will give such construction to instruments bearing the character of wills as is necessary to carry out testamentary intent. They will also examine facts and circumstances surrounding its execution, to the end that the intent of the maker of the paper may be discovered. [2] The testimony of appellant, Spitzer, was admissible as tending to show a plan or design and the prior intention of decedent. This evidence was not received as tending to supply the essential elements of a will which but faintly appear, but to show that the subject was in the mind of the testator at the time of the execution of the paper offered as a will. (1 Wigmore on Evidence, 2d ed., p. 352, sec. 112; *Estate of Carson,* 184 Cal. 437, 445 [17 A. L. R. 239, 194 Pac. 5]; *Whiteley* v. *King et al.,* 17 Com. B. (N. S.) 756.) [3] As to the witness Jenson, the declaration made by decedent to him and excluded by the court was shown to relate to the identical paper sought to be established as a will. That would make it admissible. (*Smith* v. *Smith,* 112 Va. 205 [33 L. R. A. (N. S.) 1018, 70 S. E. 491].) [4] There is no definite, fixed rule by which testamentary intention may be gauged. No two cases are alike upon the facts. Cases may be cited establishing as wills papers offered for probate in which the testamentary intent is, perhaps, less apparent than is the intent shown by the paper offered for probate in the instant case. No good purpose would be accomplished by citing them, as each case must stand upon its own peculiar facts.

[5] The opening sentences of the paper offered for probate are much after the fashion of an ordinary letter-writer. That which follows, however, bears the impress of something more than the usual letter written by one brother to another. It will be remembered that decedent was then past seventy years of age and had been an invalid for several years. His physical strength was waning and he knew that permanent recovery was not to be expected. His entire thought was upon the disposition that he was about to make of his property. He inclosed a deed of the Illinois property which was to form part of his estate to be administered upon thereafter. The passing of title to his property was contingent upon the happening of but one event, death. He knew that death alone was to make his acts effective. The paper makes

a complete disposition of his estate, to take effect after death. It is very clear, considering his relation to his beneficiaries and the circumstances surrounding his act, that he intended, in the event of his death, that the letter of August the 4th would direct the distribution of his estate to those named in the paper. ''Bal of Estate to go to Lulu M. Plane'' constitutes a commonplace testamentary clause; ''You can fix things if anything happens'' suggests the contingency which he thought was very near at hand. In this he was correct, as he lived only about seven weeks from the day he wrote the instrument. His anticipation of death would be a sufficient reason to prompt him to make his will. (*Buffington* v. *Thomas,* 84 Miss. 157 [105 Am. St. Rep. 423, 36 South. 1039].)

We think the rule applicable to the facts of the instant case is well stated in *Estate of Beffa,* 54 Cal. App. 186 [201 Pac. 616], as follows:

''Appellant contends that the instrument is not testamentary in character. A will is a disposition of property to take effect at the death of the testator. 'It is well settled in this country and in England, first, that in determining whether the instrument propounded was intended to be testamentary, reference will be had to the surrounding circumstances, and the language will be construed in the light of these circumstances. Second, that if it shall appear under all the circumstances that the instrument was intended to be testamentary, the court will give effect to the intention, if it can be done consistently with the language of the instrument; and in such cases the particular form of the instrument is immaterial.' (*Clarke* v. *Ransom,* 50 Cal. 600.) 'A will may be informally drawn, and may consist of one or more papers. No particular words are necessary to show a testamentary intent. It must appear only that the maker intended by it to dispose of property after his death, and parol evidence as to the attending circumstances is admissible.' (*Mitchell* v. *Donahue,* 100 Cal. 207 [38 Am. St. Rep. 279, 34 Pac. 615].) 'It is undoubtedly the general rule enunciated by the leading case of *Habergham* v. *Vincent,* 2 Ves. Jr. 231, and oft repeated, that the true test of the character of an instrument is not the testator's realization that it is a *will,* but his intention to create a revocable dis-

position of his property to accrue and take effect only upon his death and passing no present interest.' (*Nichols* v. *Emery*, 109 Cal. 329 [50 Am. St. Rep. 43, 41 Pac. 1091].)''

Counsel for both the respondent and the appellant indulge in extensive arguments as to the proper construction that should be placed upon certain clauses of the will. We are not interested in that question at this time. The question here is whether the paper offered is testamentary in character and for that reason entitled to be admitted to probate. We are of the opinion that it is.

The orders and the judgment herein appealed from are reversed.

Richards, J., Shenk, J., Waste, J., Lawlor, J., and Lennon, J., concurred.