[Civ. No. 10408.   First Appellate District, Division Two.—January 29, 1937.]

In the Matter of the Estate of CLEMENT DOTTA, etc., Deceased.   VIRGINIA GILLEN et al., Respondents, v. CARLO DOTTA et al., Appellants.

Rittenhouse & Snyder for Appellants.

Donald Younger for Respondents.

NOURSE, P. J.—The appellants appeal from a judgment and order denying probate of two letters offered for probate as the last will of deceased. ▮ The appellants state the question involved as follows:

"Clement Dotta on March 30, 1924, wrote a letter addressed to his illegitimate son, Carlo Dotta, which letter was dated and signed and entirely written in the handwriting of Clement Dotta. The writer first assured his son that he was alive and then provided as follows: 'In the event I should really die, all my belongings shall be yours.' A letter written October 22, 1930, by the testator in his own handwriting to his son, Carlo Dotta, which was signed and dated, contained the following provision: 'As I have told you, all I possess is yours.' Are these expressions testamentary in nature, and if so do they constitute an holographic will?"

The ruling of the probate court was founded on the rule of *Estate of Meade,* 118 Cal. 428 [50 Pac. 541, 62 Am. St. Rep. 244], *Estate of Kelleher,* 202 Cal. 124 [259 Pac. 437, 54 A. L. R. 913], and *Estate of Button,* 209 Cal. 325 [287 Pac. 964], all holding that, in order for a document to be the last will of a deceased person, it must appear therefrom that the decedent intended by the very paper itself to make a disposition of his property in favor of the party claiming thereunder.

From the early decision in *Clarke* v. *Ransom,* 50 Cal. 595, 600, it has been held that "in determining whether the instrument propounded was intended to be testamentary, reference will be had to the surrounding circumstances, and the language will be construed in the light of these circum-

stances''. The probate court followed this rule and found from the evidence of the surrounding circumstances that the deceased did not intend either of the letters as making a disposition of his property. The appellants do not claim that there was any error in the proceedings below, they merely ask that we give a different judgment. But the question is a mixed one of law and fact and, since no error is shown in the application of the rules of law to the facts proved, the determination of the probate court should stand.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1937.