[Civ. No. 12609. Second Appellate District, Division Two.—April 19, 1940.]

In the Matter of the Estate of AMOS RILEY HATHAWAY, Deceased. HENRY C. HATHAWAY et al., Respondents, v. ELLA HATHAWAY et al., Appellants.

W. P. Butcher for Appellants.

A. V. Muller for Respondents.

McCOMB, J.—This is an appeal from a judgment denying a purported holographic will admission to probate.

The essential facts are:

Ella Hathaway, a sister of decedent, offered the following document for probate as his last will and testament:

"Huasna 7.13.08.

"Dear Sis

"I received yours yesterday and it was a welcome visitor. Ed Newsom was over Sun and staid a few days with me. I sold him seven head of horses and helped him to start them after we reached Avenal they were no more trouble so I came home again as I am all alone and have all kinds of pets cant stay away long at a time. have two setting hens one should hatch today also four half grown kittens. They meet me half way when they see me coming with a bucket of milk.

"I got kicked by a horse the other day which send me flying but no damages done picked myself up and went on parting horses but concluded I could do better on horse back so I straddled old rock. I have him here now he is looking fine for such an old horse & would you believe it he knows me as of old. Will have to begin doctoring soon as the horses are getting ticks in their ears it will be quite a job to doctor wild horses where there are so many and it seems the more careful one tries to be the more accidents.

"I will try and be careful but should anything happen to me at any time I got a little money Ive saved for you and besides whatever is left I wish it to go to my four sisters as I suppose will go the rest of my life in single harness I dont owe a dollar in the world and never expect to I have been thinking to sell out & go where I could do better but will wait a little while & see how the oil turns out they may strike oil on the Huasna. If so land will advance I was trying to make a trade with a party but suppose it is all off. Well I have my pinto horse tied down at the barn & he wants water so will close hoping this finds you all well. I will take a run down if I can get some one to stay here for a few days.

Bill P. is working also John Gonzales is at the Chimenies Ranch dont know either will show up.

> "Good By,
> "BUN"

The testimony disclosed that deceased lived on a ranch where he was engaged in the cattle business; that the above document was written in response to a letter which he had received from his sister, and that she had placed it with other letters which she kept. Some period after her brother's death, when she was reading letters he had written her, she came across the one set forth above, which her attorney advised her was a will.

The trial court found with reference to the document in question as follows:

" . . . the Court specifically finds that said letter dated 7–13–08, offered for probate by Ella Hathway, was and is not the decedent's Last Will and Testament, nor was it at the time of its writing, or ever, intended by the decedent to be his Will . . . "

This is the question for us to determine:

■ *Was there substantial evidence to sustain the finding of the trial court, supra?*

This question must be answered in the affirmative. The law is established in California that before a paper will be admitted to probate as the last will and testament of a decedent there must be proof that the deceased intended the writing to be his last will and testament. (*Estate of Meade,* 118 Cal. 428, 430 [50 Pac. 541, 62 Am. St. Rep. 244].) Applying the above law to the facts of the instant case, it is evident from a reading of the foregoing document that the inference reasonably may be drawn that decedent was merely writing a letter to his sister and did not intend the document to be his last will and testament, thus supporting the finding of the trial court.

■ It needs no citation of authority to support the proposition that, where from the evidence either of two inferences reasonably may be drawn, the one accepted by the trial court to support a finding of fact will not be disturbed by an appellate court.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.