[Civ. No. 12828.   Second Appellate District, Division Two.—January 13, 1941.]

In the Matter of the Estate of HARVEY F. KENYON, Deceased.   ROBERT D. GOSE, Appellant, v. EDITH M. KENYON et al., Respondents.

Edward J. Guirado and Harold F. Pettee, Jr., for Appellant.

J. W. Falkner and L. G. Shelton for Respondents.

McCOMB, J.—This appeal, transferred from the Supreme Court to this court for decision, pursuant to the provisions

of article VI of section 4c of the Constitution of the State of California, is from an order of the superior court sitting in probate admitting a document to probate as the last will and testament of decedent.

The essential facts are:

August 2, 1938, Harvey F. Kenyon died, a resident of the county of Los Angeles, leaving a document entitled Last Will and Testament, signed by said decedent, dated August 15, 1933, subscribed to by two witnesses, which purported to be the last will and testament of decedent.

Respondent, Edith M. Kenyon, offered the following document as the last will and testament of decedent, and it was admitted to probate as such:

"El Monte Calif
March 4–38.

"Mr. Frank Givens
　　Amarillo Tex.

Dear Frank.

I reed your check and it was a life saver to me. If that woman writes to you or Mr. Truelove tell her to go to H——. I did not authorize her to. I do not her to get a anything out of me. If Truelove come to you with any more such moves from her, I am done I can do my own business. The end end is in sight Where are the girls I dream of them every night Is Grace Married I heard she was if so where is she? And what is her

2

name? and wher does she live? And where is little Marjorie? They are the only will benif by my death so I want to sure of their names I want them to have that section and what I have here or else where I dont expect to die but I want to keep posted we are have awful floods here Los Angles alone 10,000,000 damage Sant Anna Riverside pretty near sweep away Traffic is paralize on all R. R. briges are out by the hundred I hvent heard how the Glavayes are no way to hear roads are all whedout. I think the Old Age Recovery plan will pass this Congress, and then I can help you on your feet and I will be free once more and by

3

(God) I will stay that way Peaches trees are in bloom and

oranges trees to You__ cousin was here that run the filling station They are all well

Say Frank when you write put you__ letter in Address to me and one to Mrs. Salsbury. She is good friend to me, I fainted away in her house her and her husband took good care of me bath my face and hands and they put me on the sofa until I could go home and her neares__ neighbor brought hom__ . I am almost (75) yers old I am slipping fast If anything happens I or they will let you know

ove__

Am feeling pretty good now. I am getting enough to eat Hopeing this will find you all right—everthing is satisfactory with me.

Yours Truly<br>HARVEY F. KENYON.''

In addition to the above documents there was received in evidence testimony of a Mrs. Salisbury to the effect that decedent had told her on numerous occasions that he had a will deeding his property to his two granddaughters Marjorie and Grace and that he wanted them to have all of his property, and that he asked her on one occasion if she would be the executrix of his estate if he made a new will.

The trial court found "that it [the letter dated March 4, 1938, *supra*] was of testamentary character and intended to bequeath his [decedent's] entire estate to said granddaughters, and that said letter constituted an olographic will."

This is the question for us to determine:

*Was there substantial evidence to sustain the finding of the trial court, supra?*

█ This question must be answered in the negative. The law is established in California by a long line of decisions that before a document may be admitted to probate as the last will and testament of decedent, in addition to meeting all other legal requirements, there must be substantial evidence that the decedent intended the very document which is offered as his last will and testament to be such and to make disposition by it of his property in favor of the party claiming thereunder (*Estate of Button,* 209 Cal. 325, 331 [287 Pac. 964]; *Estate of Dotta,* 18 Cal. App. (2d) 763, 764 [64 Pac. (2d) 741]).

■ The law is also established that, where from the evidence either of two inferences reasonably may be drawn, the one accepted by the trial court to support a finding of fact will not be disturbed by an appellate court (*Estate of Hathway,* 38 Cal. App. (2d) 526 [101 Pac. (2d) 741]). However, this rule presupposes that the inference drawn from the evidence finds reasonable support therein.

■ Applying the test as stated in this rule to the facts of the instant case, we are of the opinion that neither from the document which has been admitted to probate as the last will and testament of decedent nor from any facts received in evidence could the conclusion reasonably be drawn that the decedent intended it to be of testamentary character. The letter of decedent offered as a will, discussing divers and sundry topics from blooming peach trees to ''Old Age Recovery'', has none of the earmarks of an holographic will. Only incidentally does he mention the relatives who desire, by his letter, to acquire his estate. The testimony of witness Salisbury, who related a conversation with decedent in which the latter is said to have stated that he had willed his estate to certain relatives, is insufficient evidence of *animus testandi* to create a will out of a gossipy letter to a frequent correspondent.

The cases cited by respondent, such as *Estate of Spitzer,* 196 Cal. 301 [237 Pac. 739], are all factually distinguishable from the case which we are now considering.

Therefore, the finding here questioned is unsupported by the evidence.

For the foregoing reasons the order is reversed, appellant to recover his costs.

Moore, P. J., and Wood, J., concurred.