[Civ. No. 15715. Second Dist., Div. Two. June 9, 1948.]

Estate of ALBERT P. SPIES, Deceased. ELEANOR SPIES et al., Respondents, v. LAURA M. FIEN et al., Appellants.

James B. Salem for Appellants.

MacFarlane, Schaefer & Haun and Bailie, Turner & Lake for Respondents.

MOORE, P. J.—Albert P. Spies executed his last will and testament March 7, 1930. It left testator's entire estate to his wife. She predeceased him on December 10, 1944, and the will contained no appropriate provision for the disposal of his estate to his survivors. On January 12, 1945, he wrote,

dated and signed with his own hand the following instrument:

"Jan. 12—45

Mr. James Yates
Secy 663 B of L F & E

In case of my death, before my Brotherhood Policy is assign in change of beneficiary it is my wish, that I bequeat $2000.00 of this $4000.00 policy to Patty Lou Smith of 1047 E. Wood St. Decatur, Ill. and Apt's 419 & 421 of Glen Donald's Apt's at Los Angeles, Calif.

Albert P. Spies

Mrs. W. M. McKay
(Witness thereto)"

The addressee of the letter is Mr. James Yates, secretary of Lodge 663 of the Brotherhood of Locomotive Firemen and Enginemen. The letter was not delivered but was found in testator's effects after his death. The witness thereto, Mrs. W. M. McKay, was a neighbor and a practical nurse who attended testator in his last illness and with whom he frequently discussed his affairs. Patty Lou Smith is the daughter of a sister of decedent's wife. Eight brothers and sisters survived decedent, seven of whom are appellants herein and one is administratrix-with-will-annexed. Mr. Spies was in poor health at the time of the demise of his wife and he became progressively worse until his death on February 8, 1945.

At a hearing and trial without a jury the superior court found that the holographic instrument of January 12, 1945, was duly executed with testamentary intent and admitted it to probate as a codicil to testator's last will and testament.

Appellants' sole contention on appeal is that the instrument, viewed either alone or in the light of the circumstances of its execution, does not evidence sufficient testamentary intent to warrant its admission to probate as a will or codicil.

█ It is axiomatic that the intent of a testator so far as is possible should control in the interpretation of his will. This is accordingly the basic rule of construction to which all others must yield. (Prob. Code, § 101; *Estate of Lawrence,* 17 Cal.2d 1, 6 [108 P.2d 893] ; *Estate of Wilson,* 65 Cal.App. 680, 697 [225 P. 283].) █ When a will is open to two constructions, one of which makes it valid and the other illegal, the construction which sustains it should be fol-

lowed. (*Estate of Ingram,* 104 Cal.App. 1, 8 [285 P. 365] ; *Estate of Spreckels,* 162 Cal. 559, 569 [123 P. 371].) Of two modes of interpretation the one which will prevent intestacy is preferred. (Prob. Code, § 102.) If the prerequisite testamentary intent does not appear from the face of the instrument itself, reference may be made to the circumstances of its execution, and the language will be construed in the light of those circumstances. (*Estate of Spitzer,* 196 Cal. 301, 307 [237 P. 739] ; *Estate of Miller,* 128 Cal.App. 176, 182 [17 P.2d 181] ; *Estate of Beffa,* 54 Cal.App. 186, 188 [201 P. 616].) The application of the foregoing principles to the questioned instrument and its attendant circumstances demonstrates the correctness of the order of the trial court in the instant case.

 The opening words of the contested letter, to wit, ''In case of my death,'' indicate clearly that the decedent intended thereby to direct the distribution of his estate in the event of his death. That phrase dramatically expresses the contingency upon which the gift is to take effect. By reason of his years and the recency of the passing of his wife he must have realized that his days were limited and his bequest to her had lapsed. In this he was correct : his decease occurred less than a month from the date of the instrument. His wife's decease was a sufficient incentive to prompt him to make an immediate disposal of his property. Not only was it natural for him to designate another legatee but his original will shows that his policy was to make disposal by will. Other evidences of a testamentary dispositive intent are apparent in the particularity of the description of the beneficiary as well as of the property involved, and by the fact that the decedent caused Mrs. McKay to sign the instrument as a witness.

These circumstances impel the deduction that the deceased intended by the writing to effect a transfer of his property at death according to his desires. (*Estate of Spitzer, supra,* 307 ; *Estate of Beffa, supra,* p. 189.)

 For the purpose of satisfying the requisite formalities of a holographic will the added signature of a witness may be disregarded as surplusage if the part written by the testator is complete and sufficient (*Estate of Tanner,* 33 Cal. App.2d 186, 189 [91 P.2d 170] ; *Estate of Clark,* 55 Cal.App. 2d 85, 88 [129 P.2d 969]), but such witnessing may be indicative of an intention at its writing to make it dispositive in character.

The circumstances of the execution of the letter further indicate the presence of the necessary testamentary intent. Mrs. McKay testified that the decedent frequently prefaced his remarks with ''if anything happens to me''; that he referred to Patty Lou Smith by name and said that he loved her as if she were his daughter; that he was going to change the beneficiary of his will from his wife to his niece. Such prior declarations of intent to make a will are admissible when the attempt is not to explain an ambiguity but to show the testamentary character of a letter. (*Estate of Spitzer, supra,* p. 306.) Thus the trial court properly concluded that the letter was testamentary in character and that the decedent had the requisite testamentary intent when he wrote and signed it.

The cases cited by appellant are not pertinent. In both *Estate of Spitzer,* 196 Cal. 301, 306 [237 P. 739], and *Estate of Button,* 209 Cal. 325, 331 [287 P. 964], the court held that the true test of the character of an instrument purporting to bequeath property is not the testator's realization that it is a *will,* but whether he intended to create an effective though revocable transfer of his property to take effect only upon his decease while passing no present interest. In *Estate of Kisling,* 68 Cal.App.2d 163, 167 [156 P.2d 57], the court sustained a finding that the purported holographic will was not entirely written by the deceased. In *Estate of Dotta,* 18 Cal. App.2d 763, 765 [64 P.2d 741], the court declined to disturb a finding of the trial court as to testamentary intent, no error having been shown in the court's application of established rules of law in deriving its determination of factual issues.

The order is affirmed.

McComb, J., and Wilson, J., concurred.