[Civ. No. 10260. Third Dist. May 8, 1962.]

Estate of R. C. LAMPKIN, Deceased. JIM SMITH, Petitioner and Appellant, v. JAMES C. HART et al., Contestants and Respondents.

Carroll Single, Edson & Weigand and Joseph I. Omachi for Petitioner and Appellant.

Charles A. James for Contestants and Respondents.

PEEK, P. J.—Jim Smith, proponent and sole beneficiary of a holographic instrument, appeals from the judgment of

nonsuit and from the order appointing James C. Hart the administrator of the estate of Robert C. Lampkin.

Robert Lampkin, who had never been married and had no children, was 60 years of age, retired, and living alone in a small house that he owned. Smith, who also lived alone, was 68 years of age and a dealer in junk. He had been a friend of Lampkin's since 1932 and had been in the habit of stopping daily to visit with Lampkin. On the 25th of January 1960, Lampkin asked Smith to come into his house. He then gave him the instrument in question. The following day Smith stopped by Lampkin's home and receiving no response from Lampkin, he returned to his home, obtained the instrument, and went to the sheriff's office. Two deputies returned with Smith to the Lampkin home and found Lampkin dead.

Smith petitioned for letters of administration and for probate of the holographic instrument he had received from Lampkin. Contestants, two brothers and seven nieces and nephews, filed a petition for letters of administration and requested that their petition be heard on the same date as that of Smith.

At the hearing the court considered the following written instrument offered by Smith for probate:

"Stockton, Calif
1-25-60.

"to Whom it May
Consern

"I here by do give it Jim Smith. who live at 3444 Phelp St. all of the Junk around here in my Cabin and Yard and old Cars and Every thing.

"R. C. Lampkin
3252 Sharps Lane
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-A
Social Secuerity"

Respondents contested the admission of this instrument on the ground that the instrument was not testamentary in character.

The court determined that since the instrument was not ambiguous on its face (that decedent intended to make a present gift), the statement made by Lampkin to Smith when he delivered the instrument, "Here, Jim, here's a will I write you, take it and put it in your pocket," was inadmissible to show decedent's intent as to the character of the instrument, and was, therefore, stricken. The court granted the motion

of contestants for nonsuit, entered judgment accordingly, and appointed James C. Hart, a nephew of decedent, as administrator of Lampkin's estate.

It is settled that before an instrument may be probated as a will it must appear from its terms, viewed in the light of the surrounding circumstances, that it was executed with testamentary intent. (*Estate of Golder,* 31 Cal.2d 848 [193 P.2d 465].) However, because the law favors testacy rather than intestacy, if the prerequisite testamentary intent does not appear on the face of the instrument reference may be made to the circumstances of its execution, and the language will be construed in the light of these circumstances. (*Estate of Spitzer,* 196 Cal. 301 [237 P. 739] ; *Estate of Spies,* 86 Cal.App.2d 87 [194 P.2d 83].) Moreover, when the instrument on its face shows that it was written by an inexperienced or illiterate person, it should be construed more liberally than if it had been drawn by an expert. (1 Page, Wills, § 6.2, p. 228.)

In view of the above principles, the instrument, and the surrounding circumstances, we cannot agree with the trial court that the language of the instrument is not ambiguous, thus precluding admission of extrinsic evidence to show the intent of decedent.

Without question the instrument indicates that Lampkin had little formal education; he owned his home and was living alone; his assets are valued to be over $12,000; and it is not likely that he would make a present disposition of his total estate. This alone raises a sufficient question as to the character of the instrument so as to bring it within the rule that where it is not entirely clear whether the writer did or did not intend the writing to operate as a will, extrinsic evidence may be considered in determining the intent with which the instrument was executed. (*Estate of Spitzer,* 196 Cal. 301 [237 P. 739] ; *Estate of Sargavak,* 35 Cal.2d 93 [216 P.2d 850, 21 A.L.R.2d 307] ; *Estate of Golder,* 31 Cal.2d 848 [193 P.2d 465] ; *Estate of Taylor,* 119 Cal.App.2d 574 [259 P.2d 1014] ; 1 Page, Wills, § 5.16, p. 204; 21 A.L.R.2d 319, 324.) Furthermore, when intent is a material element of a disputed fact, declarations of a decedent made after as well as before the act are admissible in evidence to show the intent of the decedent. (*Estate of Spitzer, supra; Estate of Sargavak, supra; Whitlow* v. *Durst,* 20 Cal.2d 523 [127 P.2d 530].) The declaration made by Lampkin when he delivered the instrument to Smith should not have been stricken, but

should have been taken into consideration in the determination of the character of the instrument.

The judgment and order are reversed.

Schottky, J., and Pierce, J., concurred.