[Civ. No. 25788. Second Dist., Div. Two. June 18, 1962.]

Estate of ESTHER WIDDISON ORAVETZ, Deceased. HELEN L. NELSON, Petitioner and Appellant, v. JOSEPH L. ORAVETZ, Contestant and Respondent; RAYMOND A. NELSON, as Administrator, etc., Respondent.

Martin L. Abrams and Harry D. Fox for Petitioner and Appellant.

Scott Weller for Respondents.

FOX, P. J.—Petitioner appeals from a judgment which (1) denied probate of two typewritten sheets dated February 10, 1960; (2) denied probate of a purported holographic will of decedent dated March 25, 1960; (3) decreed that decedent died intestate; and (4) appointed Raymond A. Nelson administrator of decedent's estate.

Decedent passed away on March 25, 1960. She is survived by her husband, Joseph L. Oravetz, and by certain blood relatives.

Petitioner, Helen L. Nelson, a sister, filed for probate a two-page typewritten document dated February 10, 1960, which purported to be a duly witnessed will of decedent. Decedent's husband filed objections to the probate of this document.

On March 26, 1960, petitioner received an envelope from her sister, postmarked 1:30 p. m. the previous day. It contained a handwritten letter and the two typewritten pages referred to above. These were all folded together. At approximately 5:30 p. m. on the afternoon of the previous day, decedent passed away. The coroner issued a death certificate listing her as a suicide. Petitioner discovered that the purported typewritten will of February 10 had not been executed or attested as required by section 50, Probate Code, and was therefore not a valid witnessed will. Then petitioner filed a supplemental petition for probate of the letter dated March 25, 1960, alleging that it was a holographic will of decedent and incorporated by reference the above-mentioned document dated February 10, 1960. This letter of March 25th was entirely written, dated and signed by decedent. Oravetz, decedent's husband, filed a contest to the probate of this letter as a will. He also filed in the estate proceedings a nomination of Raymond A. Nelson (not related to petitioner) as special administrator of the estate of decedent. Nelson was appointed as special administrator with general powers by reason of the contest and was later appointed administrator of the estate upon the nomination by Oravetz and is now the duly qualified and acting administrator of the estate.

The trial court found that the purported will dated February 10 was not executed or attested as required by section

50 of the Probate Code, and was, therefore, not a valid testamentary document of decedent. This finding and conclusion is not challenged on this appeal.

The trial court further found that the instrument dated March 25, 1960, offered for probate as a holographic will of decedent "is merely a letter; that it contains no testamentary language of any kind; that it contains no declaration that it is intended as a last Will and Testament; that it does not incorporate the document filed for probate dated February 10, 1960, as an alleged last Will and Testament of decedent . . . ; that it shows no testamentary intent"; and that it is not a will of decedent.

The letter in question reads as follows:

"Dear Helen and Ed,

"Sorry I am not as strong as Tom . . . just can't take it folks.

"Here is the paper I wanted you to keep. You will notice I only mentioned the family names. This by no means discounts the in-laws. You are all wonderful and I love *all* of you.

"Thank you for everything—you have been very good to me.
"Forgive ?

"Esther

"Take good care of mother—"

The basic question is whether the handwritten letter with the two typewritten pages folded in with it is a valid holographic will. The findings of the trial court answer this question in the negative.

Appellant argues that "[t]he testamentary intent required to support a will appears both from the face of the handwritten letter dated March 25, 1960, . . . and from the circumstances surrounding its execution, to wit, decedent's suicide committed approximately four hours after the handwritten letter was postmarked." While the letter expresses affection for her family and appreciation for everything they have done for her, it does not undertake to dispose of her property or any portion thereof. It does not contain language disclosing a testamentary intent.

Appellant argues that the invalid formal will of February 10, which was folded with the handwritten letter of March 25, supplies the deficiencies in the latter document. That argument is adequately disposed of by the decision in *Estate of*

*Wunderle,* 30 Cal.2d 274 [181 P.2d 874], where, in reference to the very same argument, the court stated (p. 284) : "Also, it does not appear from the letter that Wunderle, by that paper, intended to make a testamentary disposition of his property. Considering the manner in which the invalid document of April 22, 1943, was referred to, it is clear that *the testator intended to dispose of his property by the invalid formal will rather than by the letter. Nor may the intent be supplied by the other documents.* Assuming the undated memorandum discloses the necessary testamentary intent, there is nothing in the record to show that the testator intended that the letter and message be construed together as forming his will. *The formal will may not be used to supply the letter with the requisite testamentary intent because that document is not in the testator's handwriting.* And if the letter of May 3rd was not a valid testamentary document, such as an holographic will or a codicil, it could not incorporate or have the effect of republishing or redating the other documents." (Emphasis added.)

Here, as in *Wunderle,* it is apparent that decedent intended to dispose of her property by the invalid formal will which she enclosed in the letter rather than by the letter itself; there is no suggestion that at that time the decedent had any information that her formal will was not effective to accomplish her wishes. This fortifies the court's finding that the letter of March 25 is "merely a letter" and was not intended as a testamentary document. ▮ Apropos of the character of the letter of March 25 is the observation of the court in *Estate of Major,* 89 Cal.App. 238 [264 P. 542]. At page 241, the court stated : "In cases where doubt arises as to whether the instrument is a will or of some other character, the true test is whether the maker executed the document with *animus testandi.* Without this it cannot be a will. Proof that a party intended to make a disposition of his property similar to or identical with that contained in a certain paper which he has executed, does not make such paper his will. No matter what his intentions may have been with respect to the disposition of his estate, if the maker of an instrument did not intend *by that particular paper* to dispose of his property in the manner in which it could have been disposed by a will such instrument must be denied probate, no matter how correct it may be as to form and execution and no matter how clearly it may conform to the intentions of the maker which he had otherwise expressed (1 Alexander on Wills, §§ 46, 47.) ▮ In other

words, when it is claimed that the intention of a deceased was that a paper should stand for a last will and testament, it must be plainly and satisfactorily apparent that the testator intended *the very paper* to be his will. Unless it so appears, the paper must be rejected.'' (Italics by the court.)

The same principle is enunciated in *Estate of Kenyon,* 42 Cal.App.2d 423 [109 P.2d 38]. The court stated (p. 425): ''The law is established in California by a long line of decisions that before a document may be admitted to probate as the last will and testament of decedent, in addition to meeting all other legal requirements, there must be substantial evidence that the decedent intended the very document which is offered as his last will and testament to be such and to make disposition by it of his property in favor of the party claiming thereunder [citations].'' Accord, *Estate of Spencer,* 87 Cal. App.2d 591, 593 [197 P.2d 351].

The case of *In re Estate of Skerrett,* 67 Cal. 585 [8 P. 181], relied on heavily by appellant is distinguishable, for, in that case, both instruments were in the handwriting of decedent and construed as one document. Thus, all the requirements of an holographic will were satisfied. In the instant case appellant would have us supply testamentary intent from a document not in the handwriting of decedent. This we cannot do under the authorities cited above.

Appellant strongly urges that the necessary testamentary intent is derived from the circumstances surrounding the writing of the letter of March 25, i.e., she asserts that the letter was written in contemplation of death and that decedent took her own life by ingesting an overdose of barbiturates as indicated by the coroner's death certificate. While it is true that '' [t]he question of the testamentary character of the proffered document is to be determined from the face of the instrument in the light of surrounding circumstances'' (*Estate of Gutierrez,* 189 Cal.App.2d 165, 168 [11 Cal.Rptr. 51]), we cannot say, as a matter of law, assuming arguendo that death was caused by suicide, that decedent intended the letter of March 25, 1961, to be her last will and testament.

Since the letter of March 25, considered in the light of the surrounding circumstances, was just a letter of transmittal, with no testamentary intent, with no testamentary language, and with no testamentary disposition, it is not a will or codicil; it therefore cannot incorporate by reference the invalid formal will of February 10 and thus cannot constitute a testamentary disposition of decedent's property for the

reason that decedent had no *animus testandi* when she wrote the letter of March 25. (*Estate of Wunderle, supra,* 30 Cal.2d 274.)

Appellant's final point that she has the right to be appointed executrix is wholly without merit since no valid will of decedent exists. Therefore, no executor could be appointed. Joseph L. Oravetz was the surviving husband of the decedent and had the right to be appointed administrator of decedent's estate unless he was rendered incompetent to act as such by reason of certain provisions of the Probate Code. He was, in fact, rendered incompetent but still had the right to nominate some competent person and did nominate Raymond A. Nelson, Esquire, to be administrator of said estate. (*Estate of Connick,* 189 Cal. 498 [209 P. 356].)

Judgment affirmed.

Ashburn, J., and Herndon, J., concurred.