[Civ. No. 32711.   Second Dist., Div. Three.   Jan. 6, 1969.]

Estate of JESSIE BUTTERFIELD MORRIS, Deceased. MARY CHAMBERLAIN ROMAN, Petitioner and Appellant, v. SECURITY FIRST NATIONAL BANK, Petitioner and Respondent; THOMAS C. LYNCH, as Attorney General, Respondent.

Paul J. Molloy for Petitioner and Appellant.

Knapp, Gill, Hibbert & Stevens and B. Richard Marsh for Petitioner and Respondent.

Thomas C. Lynch, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

SHINN, J.*—Jessie Butterfield Morris died on February 11, 1967. On April 6, 1967, Security First National Bank, respondent herein, offered the following document for probate as her holographic will:

"Nov——1 - '65

"Sec—Bank—

"S—Pasadena—

"Always has been a letter to you, sealed & stamped to be forwarded if needed by accident to me—with frequent changes latest not complete because of a change in charity set up—

"One half for crippled children & one half for S P C A You will act for me—

"I cannot endure a life of inactivity nor could I even if I could afford such a life— May be the answer is sell everything and go on a world cruise— Dr. Lanham was so kind in the inevitable cruelty— one thing is for sure & *now* a place to dispose of *things*——

"Short's bill first— Inventory is in my box— And here I have some precious bits & *pieces* Thank you always—

J B M"

Previously, Marion I. Short, second cousin of decedent, had filed a petition for Letters of Administration of the estate, as had Mary Chamberlain Roman, appellant herein, also a second cousin. The petitions were predicated on the theory that no will existed and that the document offered was not testamentary in nature.

All matters were consolidated for hearing, and on June 28, 1967, each petition for Letters of Administration was denied, and the document submitted by Security First National Bank was admitted to probate as decedent's holographic will. No challenge was made as to its being wholly written, dated and signed by the decedent.

Roy A. Higgins, manager of the South Pasadena branch of Security First National Bank, testified that he had known decedent since 1959; she had maintained a checking account

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

and safe deposit box at this branch up until her death; she would frequently visit the bank and discuss many various matters with him. Mr. Higgins first saw the document admitted to probate shortly after its date of November 1, 1965, when decedent had mailed it to the bank. Mr. Higgins testified further that he had recognized the letter to be entirely in decedent's own handwriting; he had never discussed the letter with decedent nor had she ever mentioned it to him; Mr. Fokes of the trust department had tried to contact her but she did not allow him to come to her home and she had made no follow-up to his call; that the bank had received no correspondence concerning the letter.

There was no reason to doubt that the decedent signed the letter with her initials intending they should serve as her signature and believing they were sufficient to constitute the document a will. The use of the initials as a signature was an effective signing of the will. (*Pilcher* v. *Pilcher,* 117 Va. 356 [84 S.E. 667, 1915D L.R.A. 902]; *Knox's Estate,* 131 Pa. 220 [18 A. 1021, 17 Am.St.Rep. 798, 6 L.R.A. 353]; *Quimby* v. *Greenhawk,* 166 Md. 335 [171 A. 59]; *In re Manchester's Estate,* 174 Cal. 417 [163 P. 358, Ann.Cas. 1918B 227, L.R.A. 1917D 629].)

It was stipulated at the hearing that decedent had furniture in storage at Short's Warehouse.

The sole issue presented is whether the document admitted to probate is testamentary in character. This depends on the intent of the decedent at the time the document was executed or acknowledged. Appellant contends that the letter was merely an indication of her intent to make a will in the future. From the construction and terminology of the letter to the bank, the age of testatrix at the time, and the surrounding facts and circumstances, it appears the decedent intended this document, even though in the form of a letter, to be sufficient to dispose of her property upon her death. (*Estate of Spitzer,* 196 Cal. 301 [237 P. 739]; *Estate of Sargavak,* 35 Cal.2d 93 [216 P.2d 850, 21 A.L.R.2d 307].) In her letter she begins, ''Always has been a letter to you . . . with frequent changes latest not complete because of a change in charity set up—'' This would indicate that she had always had a letter written to the bank disposing of her property, but the last one she wrote (the one written previously to this one) was incomplete since she was now changing the bequests to charity. Then she continues, telling just how much of her estate is to go to which charities; ''One half for crippled children & one half for S P C A'' By her direction, ''You

will act for me—'' she is appointing Security First National Bank as her executor to carry out the wishes expressed in the letter. The decedent then refers to her health but this does not make the letter inoperative as a will. (*Estate of Button,* 209 Cal. 325 [287 P. 964].) Next, she is concerned as to the payment of a debt she knows she will have at the time of her death.

Also indicating the decedent's intent that this document was testamentary is her sentence, ''one thing is for sure & *now* a place to dispose of *things*——'' (Emphasis by testatrix.) The one ''sure'' thing is death, and now she is disposing of her worldly goods. She ends her letter with a reminder to the bank of her safe deposit box and her belongings that she has placed in there.

Mr. Higgins' testimony was sufficient to prove decedent thought the matter had been settled by her letter; that she had nothing further to discuss with the bank and that she did not want to be bothered further. If this were not so, she certainly would have followed up within the 15 months remaining of her lifetime, especially since she visited the bank frequently. No evidence was presented as to what her motive was when she wrote the letter to her financial consultant, if not to make a will.

The order is affirmed.

Ford, P. J., and Moss, J., concurred.