[Civ. No. 6212. First Appellate District, Division One.—February 14, 1928.]

In the Matter of the Estate of ARTHUR MAJOR, Deceased.

Treat & Ogden for Appellant.

Joseph A. Garry for Respondent.

TYLER, P. J.—Appeal from an order admitting a will to probate. The sole question here presented is whether or not the instrument so admitted constitutes a holographic will. It reads as follows:

> "San Francisco, California
> "Dec. 12, 1924.

"Mr. Oscar Major
　"Dear Nephew,
"In reply to your letter i received last week i must tell you that i am very well and hope your the same i must tell you that i will go to St. Andre before long and i take up with me the copy of my testament you ask me for but be sure i have not change my idea your are to be the owner of the hold thing i am worting about $15,000 to $16,000 dollar

> "your uncle
> "ARTHUR MAJOR."

The evidence introduced in support of the petition established that Arthur Major was a resident of and died in the city and county of San Francisco, California, on the fifteenth day of February, 1926, leaving an estate of the approximate value of $12,000, and leaving surviving him as his next of kin and heirs at law a brother, Joseph Edward Major, and a sister, Catherine Robertson; that the above recited instrument submitted for probate was sent to Oscar Major through the mail by his uncle, Arthur Major, the decedent, in the month of December, 1924, and that such instrument was entirely written, dated and signed in the handwriting of the deceased. No evidence was introduced as to testamentary capacity of the deceased. The court found among other facts that deceased was, at the date of the execution of the instrument in question, of sound and disposing mind and that the letter was testamentary in character. As conclusions of law it was determined that it constituted a holographic will and it was accordingly admitted to probate. Appellant contends that the findings are

not supported by the evidence; that the conclusions of law are erroneous, as is also the order admitting the instrument to probate. We are of a like opinion.

Primarily it may be said that in the construction of wills the cardinal rule to be observed is to ascertain the intent of the testator, and if that intent can be clearly conceived, and is not contrary to some positive rule of law, it must prevail. In the ascertainment of this intent, however, courts cannot make a will for a testator or attempt to improve upon the will which the testator actually made. It follows that a testator's intention must in all cases be ascertained from the words which he employs in his will, together with such extrinsic evidence as may be admissible.

The question always before the mind of the court is not what the testator should have meant to do, or what words did he mean to use, but what did he mean by the words which he actually used. In cases where doubt arises as to whether the instrument is a will or of some other character, the true test is whether the maker executed the document with *animus testandi*. Without this it cannot be a will. Proof that a party intended to make a disposition of his property similar to or identical with that contained in a certain paper which he has executed, does not make such paper his will. No matter what his intentions may have been with respect to the disposition of his estate, if the maker of an instrument did not intend *by that particular paper* to dispose of his property in the manner in which it could have been disposed by a will such instrument must be denied probate, no matter how correct it may be as to form and execution and no matter how clearly it may conform to the intentions of the maker which he had otherwise expressed (1 Alexander on Wills, secs. 46, 47). In other words, when it is claimed that the intention of a deceased was that a paper should stand for a last will and testament, it must be plainly and satisfactorily apparent that the testator intended *the very paper* to be his will. Unless it so appears, the paper must be rejected. Heirs at law are not to be disinherited unless such intention is clearly manifested and expressed with legal certainty (*Estate of Meade*, 118 Cal. 428 [62 Am. St. Rep. 244, 50 Pac. 541]).

242

And courts cannot supply an intention which cannot be found in it (*Estate of Branick*, 172 Cal. 482 [157 Pac. 238]). ■ No particular words are necessary to show a testamentary intent, but, as was said by Mr. Justice Seawell in *Estate of Spilzer*, 196 Cal. 301 [237 Pac. 739], it must appear that the maker intended *by it* to dispose of property after his death. ■ Here the instrument in question reveals that the deceased had been asked by his nephew for his will, and that the letter in reply, and which it is sought to have established as a will, is a mere acknowledgment to such request containing an assurance that he had not changed his mind with reference to the disposition of property in his testament. That deceased had made a will under which his nephew was the sole legatee, but which will had been rejected for the reason it was not properly executed is conceded by both parties. This beyond question was the testament referred to in the letter. The letter, however, cannot be construed as a will, for it contains absolutely no words that can possibly be construed as a testamentary intent. Nor is there any evidence in the record that deceased ever intended that the instrument in question should constitute his will. It was a mere response to a request containing an assurance of the existence of a will under the terms of which the nephew had not been forgotten. The document was clearly informative and not testamentary. We conclude, therefore, that the record contains no evidence to show that *the particular instrument* offered and received as a will was ever intended by the deceased to be his will. Whatever his intention may have been to make his nephew his sole legatee, no words have been employed by him in the instrument in question to effectuate that purpose and it is clearly manifest that deceased did not intend the letter to constitute his will, but, as stated, it was clearly informative and containing the assurance that the nephew was remembered in a will. ■ We are cited by respondent to cases which he claims uphold his contention that the instrument is a will. We do not so understand them, but, on the contrary, the facts upon which they are based showed in each case a testamentary intent from the instrument itself. As was said in *Estate of Spitzer, supra,* no good purpose would be accom-

plished by citing them, as each case must stand upon its own peculiar facts.

The order admitting the instrument to probate is reversed.

Knight, J., and Parker, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1928.

All the Justices concurred.