In the Matter of the Estate of JOHN DRURY LAVIN, Deceased. FRANK T. MURPHY et al., Appellants, v. NANNIE L. MARKHAM et al., Respondents.

Henry L. Knoop and Clarence M. Heublin for Appellants.

McFadden, Holden & Friis and Leonard Evans for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from that part of the final decree ordering the distribution to Nannie L. Markham of one-fourth of the rest, residue and remainder of the estate of John Drury Lavin. The facts leading up to and necessary to an understanding of the situation are as follows: John Drury Lavin died testate on February 20, 1923. By his will he nominated Nannie L.

Markham, William A. Dolan and Wm. J. Siemann to be the executors thereof. Upon the petition of the three so named the Superior Court of Orange County admitted the will to probate on March 16, 1923, appointing the petitioners executors. Within a year from the time of the order, one of the appellants here, Marcella Lewis, filed her petition praying for a revocation of the probate, the grounds of which it is not necessary to state. It is sufficient to note that the petition was dismissed by the Superior Court and that subsequently an appeal therefrom was likewise dismissed. The fiftieth paragraph of decedent's will reads as follows: "Should any of the beneficiaries under this my will object to the probate thereof, or in any wise, directly or indirectly, contest, or aid in contesting the same, or any of the provisions thereof, or the distribution of my estate thereunder, then and in that event I annul any bequest herein made to such beneficiary, and it is my will that such beneficiary shall be absolutely barred and cut off from any share in my estate, for I now solemnly declare that all property of which I am now possessed has been accumulated by my own efforts, aided and assisted by the prudent and economical management of my household affairs by my sisters, Sarah J. Lavin, now deceased, and Mrs. Mary E. Downing, and that none of the other beneficiaries herein named, or anyone else, has ever contributed anything towards it, or assisted in its accumulation." There were three petitions for partial distribution filed by the executors of the last will and testament, which were joined in by Michael C., Joseph T., John L. and Marion C. Markham. In each of these three petitions, as well as in that for final distribution, filed by the executors alone, it was alleged that Marcella Lewis had filed a petition for revocation of the probate of the will, and it was further set forth that John B. Murphy (a brother of Marcella Lewis) had actively assisted and promoted the filing of the contest and had directly and indirectly contested and aided in contesting the will, and all of these petitions asked that no distribution be made to either Mrs. Lewis or the Reverend John B. Murphy on account of the acts so alleged. The court found that Mrs. Lewis was not entitled to the legacy left to her by the will, but declared that the Reverend John B. Murphy had not directly or indirectly contested the will and was, therefore, entitled to have distributed to him all sums

left him thereby. It is the contention of the appellants that since Nannie L. Markham attempted to prevent distribution to John B. Murphy she also cut herself off from any rights as a legatee. The respondents deny the soundness of this assertion and also reply that appellants have no right to prosecute an appeal from that portion of the decree involved here for the reason that they are not prejudicially affected thereby.

We shall first consider the argument that Nannie L. Markham brought herself within the terms of the exclusionary clause by her participation in the various petitions for distribution, containing the allegations already recited. The primary inquiry must be to determine the intent of the testator. The authorities declare (see *Estate of Major,* 89. Cal. App. 238 [264 Pac. 542], *In re Kitchen,* 192 Cal. 384 [30 A. L. R. 1008, 220 Pac. 301], and *Estate of Kite,* 155 Cal. 436 [17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953, 101: Pac. 443]), and the principles of equity dictate, that when this shall have been ascertained it is the duty of the courts to give it full effect if possible. It is neither difficult in the instant cause to discern the purpose of the testator nor impossible to extend to that purpose complete accord in the distribution of the estate. It is manifest from a reading of the clause that the testator intended that any beneficiary who should attempt to defeat any of the provisions of his will should take nothing. He was equally clear in discountenancing a direct contest and indirect interference. It cannot be doubted that had the facts warranted the conclusion, and had the court found that John B. Murphy had aided and abetted his sister, Marcella Lewis, in the contest which she filed, it would have been the duty of the court to declare the legacy to him lapsed and to have refused him distribution. It is also patent that the testator imposed upon his executors the obligation of carrying out the terms of his will in so far as legally possible. If they had information which led them in good faith to believe that a beneficiary had by his actions brought himself within the exclusionary clause of that instrument it became their duty in accomplishing the design of the testator, as laid down in his will, to report their information to the probate court and attempt to prevent him from becoming the recipient under an instrument he had indirectly endeavored to overthrow. It cannot,

therefore, be seriously argued, in the absence of anything to indicate bad faith at least, that Nannie L. Markham has in any manner forfeited her right as a beneficiary.

The conclusion to which we have come renders it unnecessary to pass upon any of the questions raised by respondents.

Judgment affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1929.

All the Justices concurred.

[Civ. No. 5347.  Second Appellate District, Division Two.—June 24, 1929.]