[Civ. No. 14691. Second Dist., Div. One. Feb. 21, 1945.]

Estate of BIRDIE LOUISE KISLING, Deceased. ALBERT E. LOOMIS, Appellant, v. FLORENCE ADAIR HANNEY et al., Respondents.

Henry E. Bianchi for Appellant.

Chas. R. Stead for Respondents.

WHITE, J.—This is an appeal from a decree denying a purported holographic will admission to probate. Appellant

Albert E. Loomis, a nephew of decedent, offered the following document for probate as her last will and testament:

> "Rosslyn Hotels
> 111 West Fifth Street
> Los Angeles, California
> "May 24—1943

"Mr. R. B. Bidwell Atty
"Dear Mr. Bidwell:

"I am Serious Ill my Dr. asks me to tell you to Come in and make out a new will I have not been fair to my nephew—wish I Albert E. Loomis I wish him to have all my Personal properties, and all securities all of my Jewelry—my nephew lives in Fifield Wisconsin he now resides in Jackson Michigan doing Defense work—my Step *neice* Mrs. Harold G. Hanney known also Mrs. Florence Adair Kisling to have the two Properties in Glendora, all money in bank's to go to my nephew Albert E. Loomis, come early as its convenient yours Resp.

> Mrs. L. W. Kisling
> 648 Rossliny Hotel
> Los*os* Angeles
> California"

In reply to the foregoing, Mr. Bidwell, to whom it was addressed and who was decedent's attorney, wrote to her under date of May 26th, suggesting certain changes in the testamentary plan outlined in the document forwarded to him by decedent under date of May 24th, and advising her that he would call upon her on June 2d and would "prepare and bring with me a new will for you to execute then." However, decedent died May 29, 1943.

The question for decision is whether the foregoing document written by decedent and directed to her attorney is to be regarded as a testamentary disposition of her property in the manner therein set forth. With reference to the document in question, the trial court found as follows:

"That the alleged holographic will dated May 24, 1943, attached to the Second petition for probate of will filed by Albert E. Loomis was not in the handwriting of said deceased except the signature thereto and the following words: '648 Rosslyn Hotel, Los Angeles, California'.

"That said document of May 24, 1943, was not intended by said deceased to be her last will and testament."

Was there substantial evidence to sustain the foregoing findings of the trial court? As to the first quoted finding, there was testimony given by decedent's attending physician and another witness that they were present when the document dated May 24th was prepared and that the same was written in its entirety by the decedent in the presence of both such witnesses and without assistance from anyone. The decedent had stated to them that ''she had not been fair to her nephew'' (Appellant Loomis); that ''she had made a will previously and that she wanted to make him inherit all her property except two pieces in Glendora.'' Opposed to the foregoing was the testimony of Clark Sellers, an examiner of questioned documents whose qualifications ''as a handwriting expert or as an expert on questioned documents'' was stipulated by appellant. This witness testified that, from an examination of the above mentioned document:

''It is my positive conclusion that the person who signed the name, 'Mrs. L. W. Kisling, 648 Rosslyn Hotel, Lofos Angeles, California'——— the person who wrote that writing did not write any part of the body of the document, Contestant's Exhibit A,——— I mean any part of the document above the signature. In other words, the signature and the body are of two different writers, in my judgment.''

In support of his announced conclusion, Mr. Sellers produced some photographs ''dealing with the subject of whether or not the person who wrote the signature on Contestant's Exhibit A (the document dated May 24, 1943) also wrote the body of Contestant's A,'' and, using such photographs, he pointed out claimed variations in the writings shown thereon and gave, among other reasons, as the basis of his conclusion that:

''. . . based on a study of the handwriting of Mrs. Kisling as it is in these various exhibits marked here, Exhibits 3 to 10 inclusive, and a comparison with the handwriting in Contestant's Exhibit A. In my judgment the person who wrote the body of this document, Contestant's Exhibit A, was a much surer penman, from a writing standpoint than was Mrs. Kisling; that writer who wrote the body of Contestant's Exhibit A had developed an entirely different set of writing habits than those developed by Mrs. Kisling over the period of her lifetime.''

By reason of the foregoing testimony and from an examina-

tion of the questioned document, the photographs and writings admittedly that of decedent, by the court, which was proper, the court pointed out certain variations in the exemplars and the questioned document, from all of which the court concluded that the claimed testamentary document was not entirely in the handwriting of decedent, saying "this is one case where I don't think you need so much handwriting expert as good eyes." Based upon the testimony of the expert witness and upon his own examination of the questioned document, the trial court stated that he could not give any credence to the testimony proffered by appellant that the document under consideration was written by the decedent. Under well established and oft repeated rules which require no citation of authority, it must be held that the evidence relied upon by the court for its decision is of sufficient substantiality to sustain the finding made thereon.

We come now to a consideration of the second above quoted finding of the court, which was that the document dated May 24, 1943, was not intended by the decedent to be her last will and testament. That question must be determined in the light of the following principles of law and their application to the facts of the case with which we are here concerned. In the construction of wills, the primary and cardinal rule to be observed is to ascertain the intent of the testator, and once that intent is ascertained it will prevail unless it violates some positive rule of law. However, before a document will be admitted to probate as the last will and testament of a decedent, it must satisfactorily appear that the maker of the instrument intended *by the very paper itself* to make a disposition of his property in favor of the party or parties claiming thereunder (*Estate of Major*, 89 Cal.App. 238, 241 [264 P. 542]; *Estate of Button*, 209 Cal. 325, 331 [287 P. 964]). Unless it be made to appear plainly and satisfactorily that the maker of the instrument intended that very paper itself to be his last will, such paper must be denied probate. And, where on its face the instrument is free from ambiguity, it may not be shown that the maker thereof intended it to operate differently than what the language used indicates (*Estate of Pagel*, 52 Cal.App.2d 38, 42 [125 P.2d 853]). However, in the instant case, the court did not accept as true the oral testimony as to the decedent's intention regarding the

instrument in question, and it is not within our province to determine the credibility of witnesses. Moreover, an examination of the document under consideration clearly warranted the court in concluding that the paper itself was not intended by the decedent to be a will, but was simply a request by her directed to her attorney that he come to see her for the purpose of making a will. It is plain that the principal purpose of the writing was to have her attorney visit her, as she says therein, to "make out a new will," and then again she exhorts him to "come early as its convenient." Such language certainly justified the conclusion reached by the trial court that the decedent did not intend the document to be her last will, but merely intended by it to advise her attorney of her plan for disposing of her property, and that she desired to confer with him with reference to incorporating such suggestions in what she referred to as "a new will" which she desired him to prepare for execution by her.

The attempted appeal from the order denying the motion for a new trial is dismissed and for the foregoing reasons, the decree from which this appeal was taken is affirmed.

York, P.J., and Doran, J., concurred.