**A. B. POOLE et al., Trustees of Calvary Missionary Baptist Church, et al., Appellants,**

v.

**Mrs. M. H. STARKE et vir, Appellees.**

No. 16004.

Court of Civil Appeals of Texas.

Fort Worth.

April 24, 1959.

Rehearing Denied May 22, 1959.

Fulton, Hancock & McClain and Hollie G. McClain, Gilmer, for appellants.

Florence, Florence & Garrison, Gilmer, and Woodrow H. Edwards, Mt. Vernon, for appellees.

BOYD, Justice.

The County Court admitted to probate, and on appeal the District Court refused

to admit to probate, the following instrument offered as the last will and testament of Minnie M. Bradley, deceased:

"Minnie M. Bradley
Calvary Missionary Baptist Church
1 – My residence.  616 Allen St. Gilmer Tex,
2 – Fourty One Acres, James Scott Survey, Three eight– ⅜.  Royalty mineral rights.
3 = United States Bonds over ~~six~~ or less:  Six thousand dollars.  $600000.
Texas Baptist Orphanage Waxahachie Texas.
Amicable Insurance ~~Bonds.~~ Co. Fifteen Bonds.  ($150.00)
On opening box.  want three Trustees of Calvary Baptist Church and Mack Smith to be witness.
12th December
Minnie M. Bradley."

It was stipulated, and found by the court, that the instrument was wholly in the handwriting of Minnie M. Bradley; that the signature was her signature; and that she intended the instrument to be her last will and testament.

A. B. Poole, Houston Arnold, and Ramah Hudson, Trustees of Calvary Missionary Baptist Church, appeal from the judgment of the District Court refusing to admit the instrument to probate as a will.

The point is unusually close, but we have reached the conclusion that the judgment must be affirmed.

■ In view of the stipulation and findings, we must assume that Mrs. Bradley intended the instrument to be her will. All wills, except nuncupative, must be in writing. "We may then well ask ourselves the question, what is a will?  In Williams v. Noland, 10 Tex.Civ.App. 629, 32 S.W. 328, 329, writ refused, the court quotes from Jarman on Wills and holds the definition of a will to be ' "An instrument by which a person makes a disposition of his property, to take effect after his decease, and which, in its own nature, is ambulatory and revocable during his lifetime." ' "  Maxey v. Queen, Tex.Civ.App., 206 S.W.2d 114, 117.

■ Courts will go far to give effect to written testamentary instruments when they come within the statutes relating to wills, but courts have no authority to make wills for persons when they have not done so.  To the extent that courts must consider language used to determine whether an instrument is a will, probate courts have jurisdiction to construe the instrument.  To be testamentary, the language used must by fair construction be susceptible to a meaning to pass title to property when entered for probate.  Maxey v. Queen, Tex.Civ.App., 206 S.W.2d 114. The intent of the testator must be ascertained alone from the meaning of the words used by him in the purported will. The intent must be drawn from the purported will, not the will from the intent. Kennard v. Kennard, Tex.Civ.App., 84 S. W.2d 315.  "In construing the will * * it was the plain duty of the trial court, * * * to determine what the testatrix meant by what she actually said in her will, and not by what we think she may have intended to say but did not say."  Smoot v. Harbur, Mo.App., 203 S.W.2d 890, 894.

■ The right and power to dispose of property by will is purely statutory. A person by will may devise and bequeath his property, or any part thereof, subject to the limitations prescribed by law.  Article 8282, Vernon's Annotated Texas Civil Statutes; Section 58, Probate Code, V.A.T.S.  But a will is not established merely by showing an intent to make one. 28 R.C.L., p. 59, sec. 3.  " 'The will that must pass the land must be in writing, and must be decided by what is contained in it.' "  Avery v. Chappel, 6 Conn. 270, 16 Am.Dec. 53.  Construction and interpretation are not to be resorted to for the discovery of the testator's intention when he has used none but plain, unambiguous expressions.  We do not hold a lighted

candle to the sun. Theall v. Theall, 7 La. 226, 26 Am.Dec. 501. The statute requiring wills to be in writing precludes ascribing to the testator any intention which he did not express. Adams v. Maris, Tex. Com.App., 213 S.W. 622. Courts may not give effect to mere conjecture as to the intention of the testator, since to do so would be assuming power to make his will. Barmore v. Darragh, Tex.Civ.App., 231 S. W. 472.

A purported will is not entitled to probate where it neither disposes of property nor appoints an executor. 95 C. J.S. Wills § 312, p. 119. "It is a maxim that a testator can disinherit his heirs or next of kin only by leaving his property to others." Coffman v. Coffman, 85 Va. 459, 8 S.E. 672, 2 L.R.A. 848, 17 Am.St. Rep. 69. An heir at law is entitled to every interest in property not disposed of by his ancestor. It is not enough that the ancestor did not intend his heir to take; he must make a disposition in favor of another; otherwise the heir will take even against his intention, however plainly manifested. And the reason is that the law provides how a man's estate shall go at his death unless he by his will plainly directs that it shall be disposed of differently.

There is not in the purported will a single word of a dispositive nature. It does not devise or bequeath any property to any person or any institution. The writing amounts only to a list or memorandum, including the name of the deceased, the name of two institutions, and a description of some property. We know that she meant the paper to be her will; but we do not know what she meant for the will to accomplish. We may conjecture, but heirs at law are not to be disinherited unless such intention is manifested and expressed with legal certainty. In re Major's Estate (Major v. Robertson), 89 Cal.App. 238, 264 P. 542.

Appellants say that appellees have no standing to contest the probate of the will since it was not proved that they had any interest in the estate. We think the contention is without merit. It was shown that decedent's husband preceded her in death. She had only one child, who died in infancy. The application to probate the purported will alleged that Mrs. Bradley was survived by Mrs. M. H. Starke, a niece, that letters of administration had been issued to Mrs. Starke, and that she was then acting as the administratrix of the estate. She and her husband, M. H. Starke, were cited to appear "by filing a written answer to the Petitioners' Application for the Probate of the Last Will and Testament of Minnie M. Bradley."

The judgment is affirmed.