370 S.W.2d 225 (1963)
In re ESTATE of Anna T. SORENSON, Deceased.
John SORENSON, Appellant,
v.
The STATE NATIONAL BANK OF EL PASO, Administrator of the Estate of Anna T. Sorenson, Deceased, et al., Appellees.
No. 5585.
Court of Civil Appeals of Texas, El Paso.
July 24, 1963.
Rehearing Denied September 11, 1963.
*226 Guinn & Guinn, El Paso, for appellant.
Scott, Hulse, Marshall & Feuille, James S. Moore, J. F. Hulse, El Paso, for appellees.
FRASER, Chief Justice.
This is a will contest involving the estate of one Anna T. Sorenson, Deceased, who died on February 2, 1958, in El Paso County, Texas, and was survived by sisters and brothers, nephews and nieces. In April, 1958, the STATE NATIONAL BANK OF EL PASO, Appellee herein, qualified as Administrator of deceased's estate. Thereafter, in July, 1958, Appellant filed an application for the probate of an alleged "lost will". Appellees took the position that deceased died intestate. This position was shared by all of the heirs except appellant. In the County Court of El Paso County the Appellant abandoned his effort to prove up the "lost" will, and then sought to prove as a holographic will the probate of two letters written by deceased to Appellant, such letters having been written in February, 1957. These letters were dated prior to the preparation of the so-called "lost" will. The letters and the copy of the alleged "lost" will provided that the entire estate should go to appellant. Appellant, however, abandoned his attempt to prove up the "lost" will when a witness testified that the signed original of such will had been torn into bits in her presence by the decedent in April of 1957, the decedent stating at that time that it was not what she wanted. Then followed the application for probate of the two letters.
The contents of the two letters are as follows:
(1) Letter written on stationery of Southwestern General Hospital, addressed to Mr. and Mrs. John Sorenson, in Corpus Christi, Texas, and apparently mailed in El Paso, Texas on February 17, 1957 (Sunday):
"SundayDear John and Halley. I expect to soon be out of hospital in fine shape and I wish to ask you and Hallie to do me a great favorbut I would appreciate if the two of you will draw up my will I'm leaving everything to you and her Hallie your wife I think you will have to have a lawyer to make out the will and maybe the two of you work that all out to but just in plain united states English language please do this for meand after all sickness, and funeral expenses & just debts be paid all goes to you and HallieI'm not able to go to town yet, so as soon as you do this let me know. The bank is going to dig a well on our farm so think of what that will be for you & Hallie Jean is so happy and is in a nice home John I just notice I did not get letters to you so I intended so this explains, so send stampAnnaThanks."
(2) Letter written on Southwestern General Hospital stationery, addressed to John Sorenson, in Corpus Christi, Texas, apparently mailed in El Paso, Texas on February 26, 1957 (Tuesday):
"MondayDear Hallie & John. Thanks so much for your nice card but I'm still insisting you & John please carry out my plan about my property (the will) I wont be out yet for a while. I do so much want you to have it, that's my wish. Enclosed one dollar for which you will buy 3ct stamps for me please as they are out of them here as a rule. This will be a big help for me. Please stamps We all enjoy the riddles *227 I don't see or hear about Jean but I'm sure she is very happy and the girls doing well in school. her Mother would be as proud of you I know if she were here Well so longLovingly your sister Anna stamp please."
The County Court admitted to probate parts of these letters and rendered its judgment that the appellant was the beneficiary by virtue of such, and therefore entitled to the entire estate. On appeal from the County Count, the District Court rendered summary judgment in favor of those who are Appellees in this court.
Appellant has two points of error, which maintain that the District Court erred in granting the Appellees' Motion for Summary Judgment, and that there were genuine issues as to material facts which should have been resolved by a trial. After careful study of the letters we believe the District Court acted correctly in granting a summary judgment. It is clear that the decedent here wanted a will drawn up and the letters are evidence of her intention to have this matter attended to. She clearly asks Appellant and his wife to "draw up my will" and suggests that they will have to have a lawyer to do so, and then she further says in her second letter that she insists on this plan being carried out.
Appellant maintains that because she said it was her wish that they should have her estate, and that after the bills and everything had been paid "all goes to you and Hallie", the letters were sufficient to constitute a will. This last quotation, however, is contained within the sentence where she requests Appellant and his wife to have the will drawn up in plain "united states English language", the bills paid, etc., because she herself cannot go to town yet. Nowhere in the contents of either letter is there a definite statement conveying or giving her estate to appellant, but merely reiterated assertions that she would like Appellant and his wife to have her estate and then of course she says they must have a will drawn up so that this can be accomplished. That would explain the existence of the purported will which was "torn into bits" by her along with the assertion that it was not written the way she wanted it. We think the District Court was correct in holding that these letters do not meet the test of a testamentary document, or as in this case a holographic will. The animus testandi is not sufficiently or clearly expressed in the letters. There must, in our opinion, be a clear and present intention in order to make the documents presented, a will.
In Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, the court said:
"To give the instrument the legal effect either of a will or other revocation of former wills it must be written and signed with the present intention to make it a will or revocation."
We think this a good clear statement of the law by the Supreme Court. In Poole v. Starke, 324 S.W.2d 234, a much later case, by a Court of Civil Appeals, the Court said:
"* * * a will is not established merely by showing an intent to make one." See also Caywood v. Caywood, Tex.Civ.App., 216 S.W.2d 821; Crites v. Faulkner, Tex.Civ.App., 245 S.W.2d 1013.
We feel that the matter before us is controlled by the above cases and that as the letters do not meet the rules and tests set forth in the above decisions, the District Court was correct in declining to admit them to probate as a will.
We should also like to point out that in the well known case of Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, the Supreme Court, after discussing the case before it and citing other cases, stated as follows:
"* * * [w]e are not permitted, however, to lift such statement out of context, but must consider the same in the light of all the provisions of the instruments."
The statement involved in the above case (Hinson v. Hinson) was "Everything is *228 yours, Darling." The Court carefully pointed out that such a statement might have been effective to pass decedent's property had it been contained in a properly executed instrument intended as a will. The County Court in the case before us admitted parts of the letters to probate.
The courts of other states have had this matter before them and several of them have required the same tests to be applied to a document in order that it be entitled to probate as a will. For example, in an old case styled McBride v. McBride, 26 Grat. (67 Va.) 476 (1875), decided in the state of Virginia, the Court there said:
"* * * it must satisfactorily appear that he intended the very paper to be his will. Unless it does so appear, the paper must be rejected, however correct it may be in its form, however comprehensive in its detail, however conformable to the otherwise declared intentions of the party, and although it may have been signed by him with all due solemnity, * * *"
This case was cited in Brackenridge v. Roberts, supra. In California, the court there said (In re Kisling's Estate, 68 Cal.App.2d 163, 156 P.2d 57):
"However, before a document will be admitted to probate as the last will and testament of the decedent, it must satisfactorily appear that the maker of the instrument intended by the very paper itself to make a disposition of his property in favor of the party or parties claiming thereunder."
We have set forth in detail the above authorities, as well as full copies of the two letters involved, because the courts have always tried as far as possible to give full intent to a decedent's wishes. However, this can only be done when the document or documents proposed, satisfactorily meet the tests outlined in the above decisions. As we have said earlier, we do not believe the two letters here evidence anything more than an intention or desire on the part of the deceased to dispose of her property to Appellant and his wife by means of a will to be prepared. We cannot find in the two letters any evidence that such were to be the will of the decedent, or were intended to transfer or dispose of any of her property. They were merely manifestations of her intent and desire at that time.
Appellant relies heavily on the case of Barnes v. Horne, Tex.Civ.App., 233 S.W. 859. Without quoting at length from this case we see no conflict, as there is a different type of language involved, as there the writer said
"* * * I will do everything I can for her and everything I have is hers if I happen to cash in."
In this opinion, the Court says as follows:
"An instrument is testamentary in character when it makes a disposition of the testator's property, or a portion thereof, to take effect at his death."
Also, the Court makes the following statement:
"If, on the other hand, he meant only to say that he expected to make a will, and to state how he intended to dispose of his property in such will, then the language used would not constitute a will."
In conclusion, we repeat that after careful examination of the letters proffered by the proponent and the authorities cited herein, we are constrained to hold that the letters do not meet the tests as outlined above, and constitute only an intention or a wish to have a will prepared so that Appellant might obtain her property at her death. We cannot find words of present intention or disposition. Therefore, Appellant's points are overruled, and the judgment of the trial court is in all things affirmed.
Affirmed.