Dougal C. Pope, Houston, for appellant.

Joseph B. Dibrell, Seguin, for appellee.

**Willie MUSE, Appellant,**

v.

**The ESTATE of Ether MUSE, Appellee.**

No. 7402.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 28, 1972.

Motion for Rehearing Overruled
Oct. 19, 1972.

KEITH, Justice.

The sole question presented by this appeal is whether the holographic instrument admitted to probate and record is sufficient to constitute a will. Ether Muse, the wife of appellant, admittedly of sound mind and disposing memory, wrote, entirely in her own handwriting, the instrument in question. It was duly admitted to probate and record. Subsequently her husband, our appellant, filed suit to set aside the order admitting such instrument to probate. The county court denied the prayer; and, on appeal to the district court, summary judgment was granted in favor of the proponents. This appeal has been duly perfected upon a single point.

We quote the instrument in its entirety:

"Kingsbury
Texas
7–19. 1968

"This First Will I certifide it to be made out to Mr. Joshua Hardeman & Miss. Kittie. D. Hardeman & Miss L. A. Hardeman after my Death for care for me in my Illness.

"50 Acres of land, all my Money in the Notal National Bank in Seguin Texas That my Social Security Money what I made put it in the Bank every mo. half of the cattles half of the hogs.

"Two Horses. half my & calf Electric Machine I belong to H. O. Mason

enough To be put away. H. O. Will see after it & half of the Money in the Citison State Bank. dont you all forget Annie Durham My Sis & Elmo Franklin.

"Mrs. Ether Muse
  Will.

"The Bank will check I am up here. My Husband Deposit it in every mo. Willie Muse."

In his brief, appellant says that he "is not raising any question as to whether the alleged will was entirely in the deceased's handwriting and as to the mental competency of the deceased," but does contend that it "is not sufficient to constitute a will." We agree.

In Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935, 937 (1954), the Court [quoting from Thompson on Wills (3rd Ed.), p. 22, Sec. 11], said: " 'A "will" has been defined to be a legal declaration of a person's intention or wish regarding what shall be done after his death touching the disposition of his property, the guardianship of his children, or the administration of his estate.' " There, an instrument which made no disposition of testator's property was held to be valid since it did make provision for the appointment of executors.

The well-reasoned opinion of Poole v. Starke, 324 S.W.2d 234, 236 (Tex.Civ.App., Fort Worth, 1959, error ref. n. r. e.), uses this language: "To be testamentary, the language used must by fair construction be susceptible to a meaning to pass title to property when entered for probate." Indeed, *Poole* is cited by Justice Griffin in Burton v. Bell, Tex., 380 S.W.2d 561, 568, 22 A.L.R.3d 1330 (1964), as one of the authorities supporting the statement: "This instrument [which was under consideration] is not effective as a will because it does not make any disposition of Mr. Bell's property."

Justice Greenhill, speaking for the Court in Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 889 (1960), laid down the rule for our guidance in this case, saying:

"While the Texas decisions are liberal in the construction of wills, and the courts of Texas go a long way in the relaxation of the rules of construction of wills to arrive at the manifest intention of the testator, especially when the will is written by a layman, courts are limited to the intent found within the will itself and may not redraft the will."

The same opinion reminds us: "The intent must be drawn from the will, not the will from the intent." (Id. at p. 888)

We have carefully considered the instrument involved here and are unable to find that the deceased made any disposition of her property. True it is, she named three people in the instrument, saying, "This First Will I certifi*de* it to be made out to Mr. Joshua Hardeman & Miss. Kittie. D. Hardeman & Miss L. A. Hardeman" because they were caring for her in her illness. She then lists certain property; but, there is no statement in the alleged will that the listed property is bequeathed to these individuals nor is there any language used from which we could infer that these named individuals were to receive all of her property.

Additionally, we cannot determine from the words: "This First Will I certifi*de* it to be made out to . . ." whether the deceased intended for the individuals named to be beneficiaries of her will or to be executors of her estate. If she intended them to take her property upon her death, there was no need to itemize the property. Furthermore, the third paragraph contains language which appears to be precatory in nature: "*dont* you all forget Annie Durham My Sis & Elmo Franklin."

The previously cited opinion of Poole v. Starke, supra, is uniquely applicable to the case at bar. There the Court said:

"There is not in the purported will a single word of a dispositive nature. It does not devise or bequeath any property

to any person or any institution. The writing amounts only to a list or memorandum, including the name of the deceased, the name of two institutions, and a description of some property. We know that she meant the paper to be her will; but we do not know what she meant for the will to accomplish. We may conjecture, but heirs at law are not to be disinherited unless such intention is manifested and expressed with legal certainty. In re Major's Estate (Major v. Robertson), 89 Cal.App. 238, 264 P. 542."

Being of the opinion that the instrument was not entitled to probate, we reverse the judgment of the district court and here render judgment that the instrument is not a valid will and is not entitled to probate and record.

Reversed and rendered.