**In the ESTATE OF Frank Donald CLARK, Deceased.**

**No. 12–06–00203–CV.**

Court of Appeals of Texas, Tyler.

March 14, 2007.

---

53. *Id.*

54. *Id.* (emphasis added).

55. *Id.* (emphasis added).

Stephen Evans, for appellant.

Daniel F. Dean, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE.

### OPINION

JAMES T. WORTHEN, Chief Justice.

Kimberly Clark, a beneficiary of her deceased father's will, appeals the trial court's final order entered in the probate of the estate of Frank Donald Clark. In two issues, Kimberly contends the trial court erred in failing to award her the full amount of her reimbursement claim for value she had added to her father's estate and by failing to hold her brother and sister personally liable for their alleged conversion and waste of estate assets. We affirm.

### BACKGROUND

Frank Donald Clark had three children, Frank Michael Clark (Mike), Vera Suzette Murray (Suzette), and Kimberly Clark. Kimberly began living with her father at his house in Palestine on February 1, 2003, in order to care for him. After his death on May 7, 2005, his will, in which he left his estate in equal shares to his children, was admitted to probate. Mike was appointed and qualified as independent executor.

A week after their father's death, Mike and Suzette met with Kimberly to begin discussing the division of the estate. Kimberly insisted she would continue to live in the house. Mike and Suzette said it would be sold. Relations between Kimberly and her siblings continued to deteriorate throughout the summer. She obstructed their attempts to market the house for sale. Eventually, after her siblings filed a forcible entry and detainer action to remove her, she vacated the house on or about July 29, 2005. Four days before vacating the house, Kimberly filed a claim against the estate for reimbursement of $25,347.80 for improvements she had made to the house.

Mike and Suzette held an estate sale at the house on August 4–7, 2005 during which they sold only part of the estate's personal property. Most of the personal property that was not sold during the estate sale was distributed among Suzette,

Mike, and Suzette's three daughters, Lisa, Lori, and Lynn. The house was later sold for $90,000.00. In October 2005, Kimberly filed a motion for an inventory, accounting, and distribution. Mike filed an inventory, appraisal, and list of claims to which Kimberly immediately objected.

On February 21, 2006, the trial court held a hearing on Kimberly's motion, Mike's inventory, and Kimberly's reimbursement claim. The trial court then issued an order allowing Kimberly reimbursement in the amount of $14,800.00. The court also ordered Mike to collect all of the personal property items that had been distributed to Mike, Suzette, and Suzette's three daughters.[1] Mike, Suzette, and Kimberly were instructed to value each item. The three separate values for each item were to be averaged together to determine the value placed on each item. The three siblings would then select the items in an order determined randomly until all of the personal property was distributed in kind among the three. Kimberly timely filed an appeal of the trial court's final order. She did not request the trial court to enter findings of fact or conclusions of law.

### STANDARD OF REVIEW

■ When findings of fact are neither filed nor requested following a bench trial, it is implied that the trial court made all findings necessary to support the judgment, provided that 1) the necessary findings are raised by the pleadings and supported by the evidence and 2) the decision can be sustained by any reasonable theory consistent with the evidence and applicable law. *Santa Fe Petroleum, LLC. v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex. App.-Tyler 2004, no pet.). When the ap-

pellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.2002). An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence is factually insufficient, i.e., the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In conducting our review, we must consider and weigh all of the evidence, not just the evidence that supports the trial court's judgment. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). We can set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Id.*

### REDUCTION OF ENHANCEMENT CLAIM

■ In her first issue, Kimberly contends there was insufficient evidence to support the trial court's reduction of her reimbursement claim for enhancing the value of the house. She claimed $25,347.80 for improvements she made to her father's home. To determine the amount of her award, the trial court considered the sales price of the home, the costs to sell it, and the value of certain items of personal property that were missing from the estate. Because the home's value had increased by $23,000.00 and because it was not proven that she possessed those missing items of personal property, she argues that the trial court should have awarded her $23,000.00.

---

1. The trial court's order to collect all of the personal property that had been distributed did not include a pearl necklace, a retirement watch, and part of a model car set, which will be discussed later in this opinion.

Kimberly's father had purchased the house in 2002 for $67,000.00. The house was sold in 2005 for $90,000.00. The court therefore determined that this increase in value of $23,000.00 was due to the improvements made by Kimberly. However, it determined that Kimberly's portion of the expenses for the sale of the house was $4,420.00. This reduced her reimbursement to $18,580.00. Kimberly did not object to this reduction.

The trial court further reduced Kimberly's reimbursement claim to $14,580.00 when it determined that Kimberly had retained personal property items of the estate worth $6,000.00. Specifically, these personal property items were a pearl necklace, a retirement watch, and part of a model car set. Mike and Suzette testified during the hearing that these three items were worth thousands of dollars and had not been seen since the death of their father. The trial court determined that these three items were worth $6,000.00 and that Mike's and Suzette's share of these three items was $4,000.00. The court then reduced Kimberly's reimbursement claim by $4,000.00 to $14,580.00.

■■■ Kimberly argues that the trial court's method of determining the amount of her award was improper because there was no direct evidence showing that she had possession of these three items. However, circumstantial evidence may be used to establish any material fact. *Lozano v. Lozano,* 52 S.W.3d 141, 149 (Tex.2001). The material fact must be reasonably inferred from the known circumstances. *Id.* Each piece of circumstantial evidence must be viewed not in isolation, but in light of all of the known circumstances. *Id.* A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved. *Monsanto Co. v. Altman,* 153 S.W.3d 491, 495 (Tex. App.-Amarillo 2004, pet. denied).

■■■ Kimberly lived with her father in Palestine from February 1, 2003 until his death on May 7, 2005. She then retained exclusive possession of the house for close to three months thereafter. A person is presumed to have knowledge of those things within her possession. *See Continental Credit Corp. v. Norman,* 303 S.W.2d 449, 454 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.). Possession can also mean control. *Robinson v. National Autotech, Inc.,* 117 S.W.3d 37, 40 (Tex. App.-Dallas 2003, pet. denied). Maintaining control of personal property is inconsistent with others' legal rights in that property. *See id.* at 39. Mike testified that the pearl necklace was at their father's house until he died. Mike and Suzette both testified that their father had possession of the model cars and the retirement watch at his house prior to his death. They also testified that the pearl necklace, the retirement watch, and the model cars were gone when Kimberly moved out of the house. When considered together, Kimberly's exclusive possession of her father's house after his death and Mike's and Suzette's testimonies support an implied finding that Kimberly either has the disputed personal property in her possession or disposed of it. The trial court did not err by reducing Kimberly's reimbursement claim to $14,580.00. Kimberly's first issue is overruled.

### REDISTRIBUTION OF DISTRIBUTED ESTATE ASSETS

■■■ In her second issue, Kimberly contends that the trial court failed to provide for an equitable distribution of the estate assets. She complains that the executor, Mike, arbitrarily divided estate assets among nonbeneficiaries and failed to provide an appropriate accounting of all estate property. Then, she argues, the court erred when it ordered that Mike

recollect the assets which had been distributed to Mike, Suzette, and Suzette's three daughters, Lisa, Lori, and Lynn, and redistribute them among Kimberly, Mike, and Suzette. Instead, Kimberly contends, the trial court should have held Mike and Suzette personally liable for conversion and waste of the distributed assets as well as other estate assets for which Mike did not account.

 A decedent has the statutory right to dispose of his or her property on death in a manner he sees fit. TEX. PROB. CODE ANN. § 57 (Vernon 2003). Courts must protect this right as a matter of public policy. *In re Estate of Halbert,* 172 S.W.3d 194, 199 n. 9 (Tex.App.-Texarkana 2005, pet. denied). The trial court has a duty to order the independent executor to distribute the property according to the terms of the will. TEX. PROB.CODE ANN. § 149B(b) (Vernon 2003). Further, a court has the inherent power to order the surrender to the estate of the property held by any party. *See Smith v. Lanier,* 998 S.W.2d 324, 336 (Tex.App.-Austin 1999, pet. denied). This inherent power enables the court to preserve its own ability to render effective relief and give effect to its orders. *Id.*

 In this case, the trial court had the authority to require Mike to redistribute the estate's assets as specified in the decedent's will. We cannot agree with Kimberly's assertion that the trial court should have entered a judgment holding Mike and Suzette personally liable for the conversion and waste of estate assets. At the time of the February 21, 2006 hearing, there was no pleading before the court seeking this relief. A party may not be granted relief in the absence of pleadings and evidence to support that relief. *See* TEX.R. CIV. P. 301; *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). We hold that Kimberly's motion for an

inventory, accounting, and distribution and her objection to Mike's inventory, appraisement, and list of claims were not sufficient to support the relief Kimberly now requests. Kimberly's second issue is overruled.

### DISPOSITION

Having overruled both of Kimberly's issues, the judgment of the trial court is *affirmed.*