ACCEPTED
03-14-00708-CV
4159185
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/16/2015 11:49:57 AM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00708-CV

IN THE COURT OF APPEALS FOR THE THIRD
JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 11:49:57 AM
JEFFREY D. KYLE
Clerk

KARLA MERRICK,

*Appellant*

v.

BONNIE HELTER, Individually and as Independent Executor of

the Last Will and Testament of J.C. Cole, Deceased,

*Appellee.*

---

APPELLEE'S BRIEF

---

From the Probate Court #1, Travis County, Texas

Alex R. Tandy
State Bar No. 19635000
Law Office of Alex R. Tandy, P.C.
Suite A
777 Lonesome Dove Trail
Hurst, TX 76054
Telephone: (817) 281-1600
Facsimile: (817) 485-7588
Email: contact@alextandy.com

*Attorney for Appellee*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................................ii

ISSUE PRESENTED. ......................................................................................... 1

STATEMENT OF FACTS.................................................................................... 1

SUMMARY OF THE ARGUMENT...................................................................... 2

ARGUMENT

      PUBLIC POLICY IS NOT A VALID LEGAL BASIS ON WHICH TO
      INVALIDATE THE DECEASED'S WILL.................................................... 3

PRAYER. ........................................................................................................... 12

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                **Page**

*In re Bartels' Estate*, 164 S.W. 859 (Tex. Civ. App.—Galveston 1914, writ ref'd)...........7

*In re Burt's Estate*, 169 A.2d 32 (Vt. 1961). ...........5

*In re Estate of Clark*, 219 S.W.3d 509 (Tex. App.—Tyler 2007, no pet.)...........6

*In re Estate of Good*, 274 S.W.2d 900 (Tex. Civ. App.—El Paso 1955, writ ref'd n.r.e) ...........6, 7

*In re Estate of Halbert*, 172 S.W.3d 194 (Tex. App.—Texarkana 2005, pet. denied) ...........6, 7

*In re Estate of Morris*, 577 S.W.2d 748 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e)...........6

*Marion v. Davis*, 106 S.W.3d 860 (Tex. App.—Dallas 2003, pet. denied)...........8

*Medford v. Medford*, 68 S.W.3d 242 (Tex. App.—Fort Worth 2002, no pet.), *overruled on other grounds by Mansions in the Forrest, L.P. v. Montgomery County*, 365 S.W.3d 314 (Tex. 2012)...........10

*Poole v. Starke*, 324 S.W.2d 234 (Tex. Civ. App.—Fort Worth 1959, writ ref'd n.r.e.)...........5

*Snell v. Weldon*, 87 N.E. 1022 (Ill. 1909)...........5

*Wich v. Fleming*, 652 S.W.2d 353 (Tex. 1983)...........6, 11

# TABLE OF AUTHORITIES (CONT'D)

**Statutes** **Page**

Tex. Const. art. I, § 21. ....................................................................................9

Tex. Est. Code Ann. § 201.058............................................................................10

Tex. Est. Code Ann. § 201.062............................................................................9, 11

Tex. Est. Code Ann. § 251.001 ..........................................................................5

Tex. Est. Code Ann. § 251.002............................................................................5

Tex. R. Civ. P. 91a............................................................................................2

## ISSUE PRESENTED

Whether public policy bars a parent from making a valid will and disinheriting his adult daughter, whom he sexually abused as a minor.

## STATEMENT OF FACTS

The testator, J.C. Cole ("Deceased"), made a valid will that complied with all statutory requirements under Texas law. Under the terms of his will, the Deceased left nothing to his only child, Karla Merrick ("Merrick"), the Appellant. Appellee, Bonnie Helter, is the Executor of the Deceased's will. In her Will Contest, Merrick alleges (with absolutely no proof) that the Deceased sexually abused her as a child when she was about age 13. Merrick also alleged that the Deceased drank and was violent.

According to her Will Contest, when Merrick was about age 45, she finally confronted the Deceased about his abuse of her when she was a child. Merrick alleged that the Deceased at first admitted the abuse and reacted with remorse, but later entered a denial phase. She alleged that the Deceased stated in front of other people that what happened was Merrick's fault, and he removed her from his will. Merrick elaborates on some of these points in her Brief in Response to Bonnie Helter's Motion to Dismiss.

1

Merrick contended that it was against public policy for a father to exclude from his will his child whom he had sexually abused and whom he "punished" for confronting him with the allegations by excluding her from his will. The trial court granted the Motion to Dismiss filed by the Executor of the will, Bonnie Helter, holding that Merrick's public policy claim was without a legal basis even if her unsubstantiated factual allegations were true. *See* Tex. R. Civ. P. 91a.

## SUMMARY OF THE ARGUMENT

The trial court did not err in granting Appellee Bonnie Helter's Motion to Dismiss. Appellant Merrick's public policy claim is without merit even if Merrick's allegations of her sexual abuse as a minor by the Deceased are true. There is no authority to support the claim that in such a situation, public policy would bar a person from disposing of his property by will as he sees fit and disinheriting his child if he sees fit. The right and power to dispose of property by will is purely statutory, and a decedent has the statutory right to dispose of his property on death in a manner he sees fit. Such right is of great value, and the courts must protect this right as a matter of public policy, even if the decedent is a thoroughly bad or immoral man. A person's past criminal, sexual, or immoral conduct does not bar him from making a valid will and disposing of his property as he chooses. Merrick has cited no relevant

2

authority, and there is none, to support her claim that public policy should bar a person who has sexually abused his daughter as a minor from disposing of his property by valid will as he wishes and disinheriting his adult daughter. Such claim is directly contrary to the law in Texas and public policy pertaining to wills. If the requirements for disposing of property by will are to be altered, it is the province of the legislature, not the court. Therefore, the Court should affirm the trial court's dismissal of Merrick's public policy claim.

## ARGUMENT

### PUBLIC POLICY IS NOT A VALID LEGAL BASIS ON WHICH TO INVALIDATE THE DECEASED'S WILL

Merrick alleged in her Will Contest that the Deceased sexually abused her when she was 13 years old. She also alleged that the Deceased was violent and beat his wife. Merrick concluded as follows:

> 26. Sexual deviancy—particularly indecent exposure to a child—his own child—is against the public policy of Texas. Seeking to conceal this conduct and to punish his child for his conduct is likewise against public policy. The exclusion of Karla from the will should be invalidated and she should be granted her intestate inheritance according to Texas laws.

(Will Contest ¶ 26.)

3

As the trial court ruled, even assuming Merrick's unsupported allegations of sexual abuse are true, they do not support her public policy claim. Such public policy claim is totally devoid of merit.

Initially, it should be noted that Merrick's "Common-Sense Statement of Issues" in her Brief is misleading, at best. Whether "incestuous indecency with a child [is] against the public policy" of Texas (Appellant's Br. 9), or whether it is against the public policy of Texas "for a parent to punish or coerce one's child into silence regarding act of incestuous indecency perpetrated on the child" (*id.*) is not at issue in this appeal. Obviously, it is against the law for a parent to sexually abuse his minor child, and the child should not be punished or coerced into silence about such sexual abuse. In this case, however, the alleged abuse occurred decades ago when Merrick was a minor, and all of the events pertaining to the Deceased's will occurred decades later when Merrick was an adult, not under the control of her father and free to accuse the Deceased of sexual abuse at any time. Thus, these two issues are not raised here and are irrelevant. Contrary to Merrick's suggestion, the trial court did not determine that incestuous indecency with a child does not violate public policy; it determined only that committing such offense does not bar a person from disposing of his property by will as he wishes.

4

The only issue raised in this appeal is whether public policy bars a parent from making a valid will and disinheriting his independent, adult child where the parent sexually abused the child decades earlier as a minor. As the trial court ruled, there is no such public policy. A person's past criminal, sexual, or immoral conduct cannot bar him from making a will. As succinctly stated in *In re Burt's Estate*, 169 A.2d 32 (Vt. 1961), "[a] thoroughly bad man may make a valid will." *Id.* at 35; *see Snell v. Weldon*, 87 N.E. 1022, 1027 (Ill. 1909) ("Injustice, unfairness, prejudice, or anger, without a reasonable cause, does not disqualify any person from making a valid will.").

Merrick's claim is also directly contrary to the law in Texas pertaining to wills and public policy. Texas Estates Code section 251.002 provides that a person competent to make a last will and testament may devise under the will "all the estate, right, title, and interest in property the person has at the time of the person's death," Tex. Est. Code Ann. § 251.002(a), and may "disinherit an heir," *id.* § 251.002(b)(1); *see id.* § 251.001 (a person of sound mind has the right and power to make a last will and testament if certain requirements not at issue here are met). "The right and power to dispose of property by will is purely statutory. A person by will may devise and bequeath his property, or any part thereof, subject to the limitations proscribed by law." *Poole v. Starke*, 324 S.W.2d 234, 236 (Tex. Civ. App.—Fort Worth 1959, writ

5

ref'd n.r.e.). If the requirements for disposing of property by will are to be altered, it is the province of the legislature, not the court, to effect those changes. *Wich v. Fleming*, 652 S.W.2d 353, 355 (Tex. 1983).

As stated in *In re Estate of Good*, 274 S.W.2d 900 (Tex. Civ. App.—El Paso 1955, writ ref'd n.r.e), "it is the law of Texas that a citizen of this state may by his will dispose of his property without regard to the ties of nature and relationship, and may do so in defiance of the rule of justice or the dictates of reason." *Id.* at 902. Furthermore,

> "no sentimental considerations of love and affection that should actuate
> a man in dealing with his own blood can be decisive as to the validity of
> a will that has been executed by a person possessing testamentary
> capacity and without undue influence." Stolle v. Kanetzky,
> Tex.Civ.App., 220 S.W. 557, 559.

*Id.*

A decedent has the statutory right to dispose of his property on death in a manner he sees fit. *In re Estate of Halbert*, 172 S.W.3d 194, 200 n.9 (Tex. App.—Texarkana 2005, pet. denied); *In re Estate of Clark*, 219 S.W.3d 509, 514 (Tex. App.—Tyler 2007, no pet.). The courts must protect this right as a matter of public policy. *Halbert*, 172 S.W.3d 194; *Clark*, 219 S.W.3d 509. "The right of testamentary disposition conferred by statute is as absolute as the right to convey property during life." *In re Estate of Morris*, 577 S.W.2d 748, 756 (Tex. Civ.

6

App.—Amarillo 1979, writ ref'd n.r.e.). "Neither Courts, juries, relatives, nor friends of a testator may say how property should be passed by a will or rewrite a will because they do not like the distribution of property." *Id.*; *accord Halbert*, 172 S.W.3d at 200 n.9.

Further, the power of disposing of property "is an inestimable privilege of the old." *Good*, 274 S.W.2d at 902. The "right of the owner of property to dispose of it by will as he may please is one that is often of great value, especially to those who are old or infirm and dependent upon others for services and attention; and this right should be as jealously guarded as any other property right." *In re Bartels' Estate*, 164 S.W. 859, 866 (Tex. Civ. App.—Galveston 1914, writ ref'd).

Accordingly, no matter how reprehensible the Deceased's alleged conduct of sexually abusing his minor daughter nor how unjust his exclusion of his daughter from his will, that has no bearing on his power and right to dispose of his property by will as he chooses. The Deceased's will was validly made in accordance with Texas law and disposes of his property as he intended, and the manner in which he disposed of his property perfectly complies with the law. He may legally exclude his child if he wishes. There is absolutely no legal basis to support Merrick's claim that an immoral or violent person, even one who commits sexual offenses against his daughter, is barred by public policy from making a valid will and disposing of his

7

property as he sees fit. To the contrary, public policy protects such a person's right to do so. Therefore, Merrick's public policy claim has no basis in law, and its dismissal should be affirmed.

The cases cited by Merrick referring to public policy limitations in carrying out the intention of the testator involve different facts and issues, are limited in scope, and are not analogous to or apposite in this case. Typically, unlike this case, such cases involve conditions placed by the testator on the disposition of the property, and, further, typically the cases uphold the intent of the testator against a claim of invalidity of the conditions based on public policy. *See, e.g., Marion v. Davis*, 106 S.W.3d 860 (Tex. App.—Dallas 2003, pet. denied) (forfeiture provision did not violate public policy; and beneficiary failed to establish public policy argument as a matter of law). Thus, such cases do not support Merrick's public policy claim here. Merrick's argument based on contract law is also inapposite. There is no parallel between contract law and the law applicable to wills. Thus, the public policy considerations applicable to contracts have no relationship or application to wills. The provisions of the *Texas Estates Code* and case law discussed earlier set forth this law and public policy considerations applicable to wills.

Similarly, the criminal and other statutes and regulations cited by Merrick are irrelevant to whether a person, even one convicted of sexual abuse of his daughter,

8

may dispose of his property by will as he sees fit. Simply because child sexual abuse is a crime (and obviously against public policy) does not in the slightest support the claim that it is against public policy for one who is accused of such offense, or even one who has been convicted of such offense, to dispose of his property as he sees fit, or to disinherit his child.

Likewise, the *Estates Code* provision cited by Merrick does not support her position. Estates Code section 201.062(a)(3), referred to by Merrick, provides that a parent who has been convicted or placed on community supervision, or has been adjudicated under title 3 of the Family Code for sexual abuse indecency with a child, in violation of the *Penal Code*, and such conduct caused the death or serious injury of the child, may be barred from inheriting from the child if the child is under 18 years of age. It does not prevent such parent from inheriting from such child who has reached adulthood. Moreover, the statute requires a conviction (or placement on community supervision) or an adjudication under the *Family Code* to prevent inheritance from the child; mere allegations, even if proved, are insufficient to bar inheritance from the child. Such statute thus undercuts Merrick's public policy argument here, where all parties are adults and there has been no adjudication of any kind concerning Merrick's allegation. Further, the matter at issue in this case pertains to the right to dispose of property as one sees fit, not the right to inherit. *See*

9

*also* Tex. Const. art. I, § 21 ("No conviction shall work corruption of blood, or forfeiture of estate, and the estates of those who destroy their own lives shall descend or vest as in case of material death."); Tex. Est. Code Ann. § 201.058(a) ("No conviction shall work corruption of blood or forfeiture of estate except as provided in Subsection (b)."); *Medford v. Medford*, 68 S.W.3d 242 (Tex. App.—Fort Worth 2002, no pet.) (brother could not be denied his beneficial interest in home despite brother's conviction for causing serious injury to his mother, which injury resulted in transfer of possession of home to brothers), *overruled on other grounds by Mansions in the Forrest, L.P. v. Montgomery County*, 365 S.W.3d 314 (Tex. 2012). As the foregoing demonstrates, rather than support Merrick's public policy argument, the statutes cited by Merrick, along with the other authority cited above, undercut her argument and support Appellee's position.

Merrick's references to statutes requiring the reporting of child abuse are similarly irrelevant and unavailing and have no application to a person's power and right to dispose of his property by will. Furthermore, it must be remembered that in this case, Merrick, as an adult, chose not to report her allegations of sexual abuse as a child. According to Merrick, even after the Deceased told her, after she confronted him with her allegations, that the confrontation had cost her $3 million, Merrick

10

chose not to report the alleged sexual abuse. Obviously, at that point, the Deceased could not even be accused of using inheritance to silence Merrick.

In short, no authority supports Merrick's public policy claim. Moreover, to allow a will to be invalidated by such previously unreported and unsubstantiated allegations of sexual abuse could only result in chaos for the courts. Under such ruling, any time a child (or other relative) was disinherited, that child (or relative) could simply accuse the deceased testator of child abuse (or perhaps some other offense) in order to invalidate the will. Of course, the deceased testator will not be present to counter the allegations, leaving it to the court to determine the appropriate burden of proof and to conduct a trial on the merits of the will contestant's allegations. The court would also, among other questions, have to determine what types of evidence would be admissible and how the deceased's side of the story could be presented and his or her reputation defended.

Clearly, given the complexities of such a legal proceeding and the far-reaching effects of such a rule, it is the province of the legislature, not the court, to effect such changes in the law. *See Wich*, 652 S.W.2d 353; *see also* Tex. Est. Code Ann. § 201.062 (discussed above; allowing for barring of inheritance by parent if certain offenses committed, but offense has to result in conviction or similar outcome). The court should not attempt to supersede the legislature in such a matter.

11

Accordingly, there is no legal basis for Merrick's public policy claim.

## PRAYER

For all the foregoing reasons, it is respectfully requested that the Court affirm the judgment of the trial court dismissing Merrick's public policy claim.

Respectfully submitted,

Alex R. Tandy
State Bar No. 19635000
Law Office of Alex R. Tandy, P.C.
Suite A
777 Lonesome Dove Trail
Hurst, TX 76054
Telephone: (817) 281-1600
Facsimile: (817) 485-7588
Email: contact@alextandy.com

*Attorney for Appellee*

12

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has

been forwarded to the following attorney of record for Appellant Karla Merrick on

the _16th_ day of February 2015:

Paul M. Bohannon, Esquire
Bohannon Legal PLLC  Suite 450
8300 FM 1960 West
Houston, TX  77070
Via email:  paul@bohannonlegal.com

_____
Alex R. Tandy

## CERTIFICATE OF COMPLIANCE

This Brief complies with the word limitation set forth in Texas Rule of Appellate Procedure 94(i) and contains 3,193 words, excluding the parts of the Brief exempted by the Rule.

Alex R. Tandy